UNITED STATES DISTRICT
COURT OF MASSACHUSETTS

| | |
|---|---|
| MARK GOLDBERG, on behalf of himself and others similarly situated,<br><br>PLAINTIFF<br><br>v.<br><br>UBER TECHNOLOGIES, INC., RASIER LLC, & HIREASE, LLC,<br><br>DEFENDANTS. | CIVIL ACTION NO. |

## NOTICE OF REMOVAL

Defendants Uber Technologies, Inc., and Rasier LLC (collectively "Defendants"),[1] file this Notice of Removal in accordance with 28 U.S.C. §§ 1331, 1441 and 1446 and hereby remove this action on the following grounds:[2]

1. On or about October 30, 2014, Plaintiff Mark Goldberg filed a Class Action Complaint and Jury Demand ("Complaint") in Suffolk County Superior Court that was captioned: *Mark Goldberg, on behalf of himself and others similarly situated v. Uber Technologies, Inc., Rasier LLC, & Hirease, LLC,* C.A. No. 14-3388G.

2. Defendants were served with the Complaint on October 31, 2014.

3. Removal is timely under 28 U.S.C. § 1446(b) because the instant Notice of Removal is being filed within 30 days of the date on which Defendants were served with the Complaint.

---

[1] To Defendants' knowledge, Defendant Hirease, LLC has not been validly served. Nevertheless, Defendant Hirease, LLC consents to the removal.

[2] By filing this Notice of Removal, Defendants do not waive, and instead expressly preserve any objections or defenses to the Amended Complaint, including but not limited to those based on jurisdiction or venue or that Plaintiff has improperly named either of them as defendants.

4.       On November 24, 2014, Goldberg filed and served a First Amended Class Action Complaint and Jury Demand ("Amended Complaint").

5.       A true and correct copy of all the pleadings filed and served to date are attached hereto as <u>Exhibit A</u> and constitute all processes, pleadings and orders served upon Defendants in this action.  <u>See</u> 28 U.S.C. § 1446(a).

6.       This Court has original jurisdiction under 28 U.S.C. § 1331 (federal question) because Plaintiff's Amended Complaint refers to and arises out of alleged violations of a federal statute, the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq.* Specifically, the Amended Complaint asserts a claim under Section 1681b(b)(3)(A) of the FCRA.  <u>See</u> Amended Compl. ¶¶ 4, 64, 73-79.

7.       Pursuant to 28 U.S.C. §§ 1367(a), this Court has supplemental jurisdiction over Plaintiff's other claims for relief under various Massachusetts statutes because they are so related to the FCRA claims that they form part of the same case or controversy under Article III of the United States Constitution.  <u>See</u> Amended Compl. ¶¶ 5-6 (asserting that state laws contain "similar strictures" to the FCRA).  Specifically, Plaintiff alleges that, in addition to violating the FCRA, the manner in which Defendants conducted background checks violated the Massachusetts Consumer Credit Reporting Act, M.G.L. c. 93 §§ 50 *et seq.* and the Massachusetts Criminal Offender Record Information law, M.G.L. c. 6 §§ 167-178B.  Jurisdiction is thus appropriate for both of Plaintiff's state law claims.  <u>See</u> 28 U.S.C. § 1367(a).

8.       Attached as <u>Exhibit B</u> is a copy of the Notice of Filing of Notice of Removal, the original of which is being filed with the Suffolk County Superior Court.  <u>See</u> 28 U.S.C. § 1446(d).

9. This Notice of Removal is being filed in the District of Massachusetts, the District Court of the United States for the district and division within which the Superior Court Action is pending. See 28 U.S.C. §§ 1441(a) and 1446(a).

WHEREFORE, Defendants respectfully request that this Action be removed and hereinafter proceed in the United States District Court for the District of Massachusetts.

Respectfully submitted,

**UBER TECHNOLOGIES, INC. AND RASIER LLC**

By their attorneys,

/s/ Carie A. Torrence
Carie A. Torrence (BBO #675237)
**LITTLER MENDELSON, P.C.**
One International Place
Suite 2700
Boston, MA  02110
Phone 617.378.6035
Fax 617.737.0052
ctorrence@littler.com

December 1, 2014

## **CERTIFICATE OF SERVICE**

I, Carie A. Torrence, hereby certify that on this 1st day of December, 2014, the foregoing Notice of Removal was filed electronically through the ECF system, is available for viewing and downloading from the ECF system, will be sent electronically to counsel of record as registered participants identified on the Notice of Electronic Filing and via first class mail to all non-registered participants identified on the Notice of Electronic Filing as well as plaintiff's counsel of record:

> Michael T. Marshall
> The Marshall Law Firm
> 50 Station Landing
> Suite 606
> Medford, MA 02155
>
> Philip J. Gordon
> Kristen M. Hurley
> Gordon Law Group, LLP
> 585 Boylston Street
> Boston, MA  02116

/s/ Carie A. Torrence
Carie A. Torrence