# *NATIONAL REGISTERED AGENTS, INC.*

## *SERVICE OF PROCESS SUMMARY TRANSMITTAL FORM*

To: **SHIRIN SCHOKRPUR**
**UBER TECHNOLOGIES, INC.**
**1455 MARKET STREET**
**4TH FLOOR**
**SAN FRANCISCO, CA 94103**

SOP Transmittal # **525996168**

617-757-6404 - Telephone

**Entity Served:** RASIER, LLC (Domestic State: DELAWARE) (Served as Uber Technologies, Inc., et al. including Rasier LLC, Dfts. Name discrepancy noted.)

Enclosed herewith are legal documents received on behalf of the above captioned entity by National Registered Agents, Inc. or its Affiliate in the State of MASSACHUSETTS on this 31 day of October, 2014. The following is a summary of the document(s) received:

1.  **Title of Action:** Mark Goldberg, on behalf of himself and others similarly situated, Pltf. vs. Uber Technologies, Inc., et al. including Rasier LLC, Dfts.

2.  **Document(s) Served:** Other: Summons, Proof of Service, Cover Sheet, Attachment, Class Action Complaint, Exhibit(s)

3.  **Court of Jurisdiction/Case Number:** Suffolk County Superior Court, MA
    Case # 143388G

4.  **Amount Claimed, if any:** N/A

5.  **Method of Service:**

    _X_ Personally served by:     _X_ Process Server     ___ Deputy Sheriff     ___ U. S Marshall

    ___ Delivered Via:     ___ Certified Mail     ___ Regular Mail     ___ Facsimile

    ___ Other (Explain):

6.  **Date and Time of Receipt:** 10/31/2014 02:53:00 PM CST

7.  **Appearance/Answer Date:** Within 20 days after service, exclusive of the day of service

8.  **Received From:** Michael T. Marshall
    The Law Office of Michael T. Marshall
    50 Station Landing
    Suite 606
    Medford, MA 02155
    617-903-7483

9.  **Federal Express Airbill #** 771715984940

10. **Call Made to:** Not required

11. **Special Comments:**
    SOP Papers with Transmittal, via Fed Ex 2 Day
    Image SOP
    Email Notification, SALLE YOO LEGAL@UBER.COM

**NATIONAL REGISTERED AGENTS, INC.**        **CopiesTo:**

Transmitted by Dahrlena Mitchell

The information contained in this Summary Transmittal Form is provided by National Registered Agents, Inc. for informational purposes only and should not be considered a legal opinion. It is the responsibility of the parties receiving this form to review the legal documents forwarded and to take appropriate action.

ORIGINAL

# Commonwealth of Massachusetts

SUFFOLK, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION

No. 14-3388

_Mark Goldberg_ , Plaintiff(s)

(1) Uber Technologies Inc.
(2) Rasier, LLC     v.     (3) Hirease LLC , Defendant(s)

## SUMMONS

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

To the above-named Defendant: _Rasier, LLC_

You are hereby summoned and required to serve upon _Michael T. Marshall, esq._
_50 Station Landing Ste 606_
plaintiff's attorney, whose address is _Medford MA 02155_ , an answer to
the complaint which is herewith served upon you, within 20 days after service of this summons upon you,
exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the
relief demanded in the complaint. You are also required to file your answer to the complaint in the office
of the Clerk of this court at Boston either before service upon plaintiff's attorney or within a reasonable
time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which
you may have against the plaintiff which arises out of the transaction or occurrence that is the subject
matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Barbara J. Rouse, Esquire, at Boston, the _30th_ day of
_October_ , in the year of our Lord two thousand _14_ .

_Michael Joseph Donovan_

Clerk/Magistrate

A true copy Attest: _____
_10/31/14_
Deputy Sheriff Suffolk County

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.

2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant,
each should be addressed to the particular defendant.

3. TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED

(1) TORT — (2) MOTOR VEHICLE TORT — (3) CONTRACT — (4) EQUITABLE RELIEF — (5) OTHER

FORM CIV.P. 1 3rd Rev. 20M-10/11

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on _____,201____, I served a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant, in the following manner (See Mass. R. Civ. P. 4 (d) (1-5):

_____

_____

Dated:_____,201_____.  _____

**N.B.   TO PROCESS SERVER: –**
**PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN**
**THIS BOX ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.**

,201 .

**Commonwealth of Massachusetts**

SUFFOLK, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION
No. _____

_____, Plff(s).

v.

_____, Deft(s).

SUMMONS
(Mass. R. Civ. P. 4)

(AFFIX FILING STAMP HERE)

| CIVIL ACTION COVER SHEET | TRIAL COURT OF MASSACHUSETTS SUPERIOR COURT DEPARTMENT COUNTY OF SUFFOLK | DOCKET No. 14 – 3388 G |
|---|---|---|

| PLAINTIFF(S) | DEFENDANT(S) |
|---|---|
| MARK GOLDBERG | UBER TECHNOLOGIES INC, RASIER LLC, HIREASE LLC |

| Plaintiff Atty | Michael T. Marshall | Type Defendant's Attorney Name |
|---|---|---|

| Address | 50 Station Landing Suite 606 | Defendant Atty | |
|---|---|---|---|
| | | Address | |

| City | Medford | State | MA | Zip Code | 02155 | City | | State | | Zip Code | |
|---|---|---|---|---|---|---|---|---|---|---|---|

| Tel. | +1 (617) 903-7483 | BBO# | 678,550 |
|---|---|---|---|

**TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| A99 Other (specify ) - Fast Track | | | ◯ ] Yes  ◉ ] No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
   1. Total hospital expenses                $
   2. Total doctor expenses                 $
   3. Total chiropractic expenses            $
   4. Total physical therapy expenses       $
   5. Total other expenses (describe)        $
                                  Subtotal $
B. Documented lost wages and compensation to date   $
C. Documented property damages to date   $
D. Reasonably anticipated future medical expenses   $
E. Reasonably anticipated lost wages and compensation to date   $
F. Other documented items of damages (describe)
                                         $
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

                                 Total $

RECEIVED
OCT 30 2014
SUPERIOR COURT CIVIL
MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE

**CONTRACT CLAIMS**
(Attach additional sheets as necessary)
Provide a detailed description of claim(s):

                                 TOTAL    $...............

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____ Date: Oct. 29, 2014

A.O.S.C. 3-2007

## ATTACHMENT TO CIVIL ACTION COVER SHEET

## GOLDBERG v. UBER TECHNOLOGIES INC., et al.

## SUPERIOR COURT RULE 29 STATEMENT

As set out more fully in Plaintiff's complaint, Plaintiff and the proposed class have suffered damages due to Defendants' violations of the Federal Fair Credit Reporting Act, the Massachusetts Consumer Credit Reporting Act, and M.G.L. 151B. Plaintiff and the purported class are not in possession of documents and information sufficient to determine the exact amount of their damages, but have a reasonable basis for the belief that the amount in controversy well-exceeds $25,000.00.

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.                                                      SUPERIOR COURT

MARK GOLDBERG, on behalf of himself
and others similarly situated,
                    Plaintiff,

v.                                                Civil Action No. 1 4 - 3 3 8 8 (?)

UBER TECHNOLOGIES, INC., RASIER
LLC, & HIREASE, LLC
                    Defendants

RECEIVED

OCT 3 0 2014

SUPERIOR COURT - CIVIL
MICHAEL JOSEPH DONOVAN
CLERK

## CLASS ACTION COMPLAINT AND JURY DEMAND

1. This is a consumer class action challenging Defendants UBER
   TECHNOLOGIES, INC., ("Uber"), Uber's wholly-owned affiliate RASIER, LLC
   ("Rasier") and HIREASE, INC.'s ("Hirease") widespread violations of the Fair
   Credit Reporting Act, 15 U.S.C. §§ 1681-81x ("FCRA") in employment criminal
   background screening. This case further challenges Defendants' widespread
   violations of coordinate Massachusetts law, the Massachusetts Consumer Credit
   Reporting Act ("MCRA") M.G.L. c. 93 §§ 50 *et seq.*

2. Ninety-two percent of all employers, including Uber and Rasier, routinely obtain
   background check reports or consumer reports on prospective and existing
   employees. Employers frequently rely on such information as a basis for adverse
   employment action, e.g., denial/termination of employment.[1]

3. Before employers use consumer background reports as a factor in their decisions
   to hire, promote, reassign, or terminate employees, the FCRA and MCRA impose
   certain strictures on those employers. Specifically, the statutes require that an
   employer first disclose its intent to use a background report in its hiring decision
   and must obtain the prospective employee's written authorization to do so, and
   the employer's disclosure must be "in a document that consists solely of the
   disclosure." 15 U.S.C. § 1681b(b)(2)(A). Hirease contracts with these employers
   to provide background screening services and Uber and Rasier make use of such

---

[1] EEOC Enforcement Guidance, *Enforcement Guidance on the Consideration of Arrest
and Conviction Records in Employment Decisions Under Title VII of the Civil Rights Act
of 1964, as amended 42 U.S.C. § 2000 et seq.* (April 25, 2012), p. 6
(http://www.eeoc.gov/laws/guidance/upload/arrest_conviction.pdf) (last visited October
24, 2014).

information in hiring decisions.

4. Misreported information can and does often lead to grave consequences for the job seeker. Thus, Congress enacted the FCRA to insure consumer information is furnished and used in a manner that is "fair and equitable to the consumer . . ." 15 U.S.C. § 1681(b).

5. Accordingly, under the FCRA, 15 U.S.C. § 1681b(b)(3)(A), *before* taking any adverse employment action based in whole or in part on a consumer report, the employer must provide to the job applicant:

   a. A copy of the consumer report;
   b. A description in writing of the rights of the consumer under the FCRA; and
   c. A reasonable opportunity to dispute the information before rendering the adverse employment decision.

6. The MCRA contains similar strictures, but adds certain language protecting and advising consumers of their rights that employers must include in their notices at the varying stages.

7. After an adverse action occurs, the consumer job applicant must receive a second notice, mandated by 15 U.S.C. § 1681m(a). (Hereafter, Plaintiff will refer to the first of these notices as the "pre-adverse action notice," and the second as the "adverse action notice.")

8. The pre-adverse action notice requirement is unqualified. "Employers must comply with the pre-adverse action disclosure requirement even where the information contained in the consumer report (such as a criminal record) would automatically disqualify the individual from employment or lead to an adverse employment action." FTC, *40 years of Experience with the Fair Credit Reporting Act* (July 2011) p. 53.

9. In order to ensure knowing compliance with the FCRA, Congress further requires that before any consumer reporting agency may provide consumer reports on an applicant, the reporting agency must have obtained certification from the employer that it will comply with 15 U.S.C. § 1681b(b)(3) by providing the consumer with a pre-adverse action notice whenever the employer decides to take adverse action based in whole or in part on the consumer report. 15 U.S.C. § 1681b(b)(1)(A).

10. The Federal Trade Commission has issued guidance that when an employer enters into a *bona fide* independent contractor relationship with an individual, it must comply with the applicable provisions of the FCRA pertaining to consumer reports obtained for employment practices. FTC, *Advisory Opinion to Allison (02-23-98)* available at *www.http://www.ftc.gov/policy/advisory-opinions/advisory-*

*opinion-allison-02-23-98* (last viewed Oct. 25, 2014).

11. Uber and Rasier are employers and are "users" of consumer reports for the purposes of the FCRA and it is therefore a regulated entity under the FCRA.

12. Plaintiff is informed and believes, and thereon alleges that Uber and Rasier knowingly, voluntarily, and with the assistance of its counsel, executed a certification providing that it would comply with various provisions of the FCRA, including providing a pre-adverse and adverse action notice, whenever adverse employment action was contemplated or taken based in whole or in part on information contained in a consumer report.

13. Despite its certification, Defendants knowingly violated 15 U.S.C. § 1681b(b)(3) and 15 U.S.C. § 1681m(a) and coordinate Massachusetts law by failing to provide its job applicants and employees with compliant pre-adverse action and adverse action notices in accordance with state and Federal law.

14. Based on these violations, Plaintiff asserts FCRA claims against Uber, Rasier and Hirease on behalf of himself and those similarly situated for Defendants' intentional failure to provide the notices as described above.

15. Plaintiff further asserts state law discrimination claims on his own behalf and on behalf of those similarly situated for Uber and Rasier's knowing and willful decision to refuse to hire him on the basis of an arrest alone.

## PARTIES

16. Plaintiff MARK GOLDBERG is, and at all times relevant hereto was, an individual over the age of 18 and a resident of Hingham, Massachusetts.

17. Plaintiff is a consumer as defined by 15 U.S.C. § 1681a(c) because he is an individual.

18. Defendant UBER TECHNOLOGIES, INC. is a company that conducts business throughout the United States, including in Suffolk County, Massachusetts. Uber is a foreign corporation organized under the laws of the state of Delaware with its principal place of business at 800 Market Street, 7th Floor, San Francisco, CA 94102. Uber has its Massachusetts office at 186 South Street Suite 20A, Boston, MA 02111. Uber maintains a registered agent with National Registered Agents, Inc, 155 Federal Street, Suite 700, Boston MA 02110.

19. Defendant RASIER, LLC is, on information and belief, a wholly owned subsidiary of Uber. Rasier is a foreign limited liability company organized under the laws of the state of Delaware with its principal place of business at 1455 Market Street 4th floor, San Francisco, CA, 94103. Rasier has its Massachusetts office at 186 South Street Suite 20A, Boston, MA 02111. Rasier maintains a

3

registered agent with National Registered Agents, Inc, 155 Federal Street, Suite 700, Boston MA 02110.

20. Defendant HIREASE, LLC is a foreign limited liability company organized under the laws of the state of Florida with its principal place of business at 695 S. Bennett St, Southern Pines, NC 28387. Hirease maintains a registered agent at CT Corporation System, 150 Fayetteville St, Box 1011, Raleigh NC 27601.

21. At all times relevant hereto, Uber and Rasier were users of consumer reports and is subject to regulation under 15 U.S.C. § 1681b and M.G.L. c 93 § 50. Hirease is a producer of such reports and is therefore subject to regulation under the same laws.

22. Defendants have each conducted substantial business in the Commonwealth and have availed themselves of the protection of its laws.

## FACTUAL ALLEGATIONS

23. Plaintiff has never been convicted of any offense whatsoever.

24. Plaintiff applied to Uber for employment on or about July 22, 2014.

25. Defendants accept applications for employment as drivers via its website *partners.uber.com/drive.*

26. In the course of its application, Uber presents drivers with the provision "By signing up, I agree to the Privacy Policy and understand that Uber is a request tool, not a transportation carrier." *https://partners.uber.com/signup/boston/p2p/*

27. Uber's application process comprises three steps. Step One requires that the applicant "Complete the FREE online background check: http://t.uber.com/bosxbc" (See Exhibit A Email of partnersboston@uber.com to Mark Goldberg, July 22, 2014, 8:27PM, "Your UberX Application").

28. At the conclusion of Step One, Plaintiff was required to supply an "electronic signature" of a document entitled "Background Check Terms." This document appears inside a graphical text box that is the fraction of the overall viewable screen such that only the title of the document and the first three lines of the document are visible to the user. The visible lines pertain not to the user's rights but rather state that "Rasier, LLC, the entity that contracts with drivers who provide peer-to-peer transportation requested through the Uber app, is committed to safety."

29. To access the rest of the document, the user must scroll down and read an additional several dozen lines that are entirely obscured by the text box.

4

30. The document contains language purporting to grant Defendants authorization on an ongoing and continual basis to access and reaccess consumer reports at any time without further authorization of the applicant.

31. Step Two of the application process requires that the applicant upload certain personal information such as a driver's license, car registration, personal insurance documentation, and information about the applicant's vehicle.

32. Step Three requires that the applicant complete a 20-minute online quiz.

33. Plaintiff completed Step One on or about July, 22, 2014. On or about July 29, 2014, Uber, through its affiliate Rasier, procured an employment background check report or consumer report from a consumer reporting agency, Hirease, Inc. Defendants sent an email from "uberreports@hirease.com" on July 29, 2014 entitled "Background Report for Rasier, Boston, MA" with the attached file Mark_Goldberg_452.pdf." The PDF contains a copy of Mr. Goldberg's consumer report from Hirease. The PDF file **was not password protected**.

34. Defendants sent an email from "uberreports@hirease.com" on July 29, 2014 entitled "Background Report for Rasier, Boston, MA" with the attached file "Mark_Goldberg_448.pdf." The PDF contains a copy of Mr. Goldberg's consumer report from Hirease. The PDF file **was not password protected**.

35. On August 4, 2014, Mr. Goldberg received a copy of his consumer report from "uberreports@hirease.com". The email states in part that "[t]his consumer report **was used** only for purposes of determining your eligibility as an independent contractor. . ." (Exhibit B, Email of uberreports@hirease.com to Mark Goldberg, Aug. 4 2014 9:36PM) (emphasis added). A "PDF" attachment labeled "MarkGoldberg390.pdf" accompanied the email. (Exhibit C, "MarkGoldberg390.pdf" printout.)

36. The August 4th, 2014 email indicates only that "[c]urrently, a decision is pending regarding your proposal. The contents of the enclosed report are under review and are being considered with regard to your proposal." This pre-decision email does **not** expressly state that adverse action against the Plaintiff was being contemplated.

37. The Commonwealth of Massachusetts has promulgated a regulation at 803 C.M.R. 2.11(2) providing that "Electronically-stored CORI shall be password protected and encrypted. Employers and governmental licensing agencies shall limit password access to only those employees who have been approved by them to access CORI."

38. The Commonwealth of Massachusetts has promulgated regulation at 803 C.M.R. 2.11(3) that "CORI shall not be stored using public cloud storage methods."

39. Defendants, on information and belief, stored Plaintiff's consumer report on public cloud storage methods including email servers.

40. The MarkGoldberg390.pdf file attached to the August 4, 2014 email **was password protected**. It contains first a FCRA "Summary of Rights." That Summary of Rights recites:

> **Summary of Your Rights Under the Fair Credit Reporting Act**
> The federal Fair Credit Reporting Act (FCRA) promotes the accuracy, fairness, and privacy of information in the files of consumer reporting agencies. There are many types of consumer reporting agencies, including credit bureaus and specialty agencies (such as agencies that sell information about check writing histories, medical records, and rental history records). Here is a summary of your major rights under the FCRA. **For more information, including information about additional rights, go to www.consumerfinance.gov/learnmore or write to: Consumer Financial Protection Bureau, 1700 G Street N.W., Washington, DC 20006. You may have additional rights under Maine's FCRA, Me. Rev. Stat. Ann. 10, Sec 1311 et seq.** (Emphasis in original, except for underlining of "Maine.")

41. The Summary of Rights does not contain the statutorily-required language prescribed by Massachusetts law informing the consumer that the reporting agency shall upon the request of the consumer provide the consumer a copy of such report upon its completion. Rather, the Summary of Rights document contains language required by the law of the State of Maine.

42. Prior to the decision not to hire Plaintiff, Plaintiff was aware that the Federal charges could appear on a consumer report. He therefore emailed Uber's Boston location August 5, 2014 in an effort to provide details of the situation. In that email, Plaintiff makes abundantly clear that "[w]hile I may have been charged, I have not been tried nor have I ever been convicted of any crimes."

43. On that same day, Boston Community Operations Manager Brenna Dion replied stating that "[w]e will certainly take the information you provided into consideration."

44. On August 12, 2014 at 1:21AM, an automated email from "uberreports@hirease.com" informed Plaintiff that "[i]n reference to your proposal to enter an independent contractor relationship, Rasier Boston, MA regrets to inform you that they are unable to further consider your proposal at this time. The decision, in part, is the result of information obtained through the Consumer Reporting Agency identified below." (See Exhibit D, Email from uberreports@hirease.com, Tue. Aug. 12, 2014, 1:21AM).

45. Uber declined to hire Plaintiff on the basis of the information in the consumer report.

46. Prior to declining to hire Plaintiff, Defendants did not issue a compliant pre-adverse action notice to Plaintiff.

47. Plaintiff never received a compliant pre-adverse action notice either from Uber, Rasier, Hirease or any other party contracted by Uber to provide such notice.

48. Plaintiff was deprived of any meaningful opportunity to review the information in the consumer report and discuss it with Uber before it made the decision not to hire him as the automated email came at 1:21AM and did not give meaningful consideration to Plaintiff's position on the matter.

49. On information and belief, Defendants conduct five or more criminal background checks annually and therefore are required to maintain a written criminal offender record information policy.

50. Defendants did not provide Plaintiff with a copy of any "CORI" or other background check policy.

51. Defendants did not provide Plaintiff with a copy of the "Massachusetts Information Concerning the Process in Correcting a Criminal Record" pamphlet required by statute and available at *http://www.mass.gov/eopss/docs/chsb/cori-process-correcting-criminal-record.pdf.*

52. On August 12, 2014 at 9:37AM, Plaintiff emailed Brenna Dion urging Uber to engage in individualized consideration of his situation. In response, Uber stated:

> "Please know that we review every application extremely thoroughly. While we sincerely appreciate your interest in partnering with Uber, we cannot move forward with your application. . . Please understand that this is purely a business decision." (Exhibit E, Email chain of Mark Goldberg and Brenna Dion, Aug. 12, 2014 9:37AM-1:31PM).

53. At 5:16PM that same day, Plaintiff emailed Uber once again questioning the legality of its refusal to hire on the basis of the information contained in the consumer report. Plaintiff further urged reconsideration of the matter. Plaintiff likewise expressed in no uncertain terms that "Massachusetts laws state that while Uber is entitled to conduct the background check, employers may not base any employment decision on arrests or prosecution that have not lead to a conviction."

54. The next morning, Jason Holt, Uber Boston Senior Operations Manager, personally emailed Plaintiff stating:

> "As I am sure you know, Uber does not employ any drivers or own any vehicles. Our background checks are meant to ensure that we are connecting riders with the safest rides on the road. If at any time your circumstances change and you would like us to re-run your background check, please let us know." (Exhibit F, Email of Jason Holt to Mark Goldberg, Thu. Aug 15, 2014, 7:31AM)

55. Defendants' FCRA obligations apply regardless of whether Defendants viewed Plaintiff as a prospective "employee" or "independent contractor" – indeed, even if Defendants viewed Plaintiff as a prospective independent contractor, that

assumption is wrong under the Fair Labor Standards Act ("FLSA") and Massachusetts General Laws, Chapter 149, Section 148B. Defendants knew or should have known their duties under the FCRA to provide pre-adverse and adverse action notices compliant with 15 U.S.C. § 1681b(b)(3) and 15 U.S.C. § 1681m(a). Nevertheless, Defendants intentionally, recklessly, or grossly negligently failed to provide the same to Plaintiff.

56. Defendants knew or should have known their duties under M.G.L. c. 93 § 50 *et seq.* to maintain a CORI policy and to provide a copy of such policy to Plaintiff upon an adverse employment decision.

57. Defendants knew or should have known their duties to include in the adverse action notice the statutorily-prescribed language under M.G.L. c. 93 § 62 requiring the Defendants to inform the consumer of his rights in substantially the manner mandated by the statute.

58. Defendants' final adverse action notice advises Plaintiff of some Federally-required rights but fails to inform the Consumer of the following rights, required by M.G.L. c. 93 § 62, emphasized in bold, below:

"You have a right to obtain a copy of your credit file from a consumer credit reporting agency. **You may be charged a reasonable fee not exceeding eight dollars. There is no fee, however, if you have been turned down for credit, employment, insurance, or rental dwelling because of information in your credit report within the preceding sixty days. The consumer credit reporting agency must provide someone to help you interpret the information in your credit file. Each calendar year you are entitled to receive, upon request, one free consumer credit report.**

You have a right to dispute inaccurate information by contacting the consumer reporting agency directly, either in writing or by telephone. **The consumer reporting agency shall provide, upon request and without unreasonable delay, a live representative of the consumer reporting agency to assist in dispute resolution whenever possible and practicable, or to the extent consistent with federal law. However, neither you nor any credit repair company or credit service organization has the right to have accurate, current, and verifiable information removed from your credit report. In most cases, under state and federal law, the consumer credit reporting agency must remove accurate, negative information from your report only if it is over seven years old, and must remove bankruptcy information only if it is over ten years old.**

**If you have notified a consumer credit reporting agency in writing that you dispute the accuracy of information in your file, the consumer credit reporting agency must then, within thirty business days, reinvestigate and modify or remove inaccurate information. The consumer credit reporting agency may not charge a fee for this service. Any pertinent information and copies of all documents you have concerning a dispute should be given to the consumer credit reporting agency.**

**If reinvestigation does not resolve the dispute to your satisfaction, you may send a statement to the consumer credit reporting agency to keep in your file, explaining why you think the record is inaccurate. The consumer credit reporting agency must include your statement about the disputed information in a report it issues about you.**

**You have a right to receive a record of all inquires relating to a credit transaction initiated in**

the six months preceding your request, or two years in the case of a credit report used for employment purposes. This record shall include the recipients of any consumer credit report.

You have the right to opt out of any prescreening lists compiled by or with the assistance of a consumer credit reporting agency by calling the agency's toll-free telephone number or contacting the agency in writing. You may be entitled to collect compensation, in certain circumstances, if you are damaged by a person's negligent or intentional failure to comply with the credit reporting act.

You have a right to request a "security freeze" on your consumer report. The security freeze will prohibit a consumer reporting agency from releasing any information in your consumer report without your express authorization. A security freeze shall be requested by sending a request either by certified mail, overnight mail or regular stamped mail to a consumer reporting agency, or as authorized by regulation. The security freeze is designed to prevent credit, loans or services from being approved in your name without your consent. You should be aware that using a security freeze may delay, interfere with, or prevent the timely approval of any subsequent request or application you make regarding new loans, credit, mortgage, insurance, government services or payments, rental housing, employment, investment, license, cellular phone, utilities, digital signature, internet credit card transactions, or other services, including an extension of credit at point of sale.

When you place a security freeze on your consumer report, within 5 business days of receiving your request for a security freeze, the consumer reporting agency shall provide you with a personal identification number or password to use if you choose to remove the freeze on your consumer report or to authorize the release of your consumer report to a specific party or for a specified period of time after the freeze is in place. To provide that authorization, you must contact the consumer reporting agency and provide the following:-

    (1) the personal identification number or password provided by the consumer reporting agency;

    (2) proper identification to verify your identity; and

    (3) the third party or parties who are to receive the consumer report or the specified period of time for which the report shall be available to authorized users of the consumer report.

A consumer reporting agency that receives a request from a consumer to lift a freeze on a consumer report shall comply with the request not later than 3 business days after receiving the request.

A security freeze shall not apply to a person or entity, or to its affiliates, or collection agencies acting on behalf of the person or entity, with which you have an existing account, that requests information relative to your consumer report for the purposes of reviewing or collecting the account, if you have previously given consent to the use of your consumer report. "Reviewing the account" includes activities related to account maintenance, monitoring, credit line increases, and account upgrades and enhancements.

59. During the relevant period, Hirease provided and continues to provide consumer reports to Uber and Rasier under a service agreement. Plaintiff is informed and believes that under the service agreement, Uber and Rasier certified to Hirease that they would comply with the FCRA, including provisions specifically and directly relating to their duties to provide pre-adverse action and adverse action notices to its job applicants and employees.

60. Defendants knowingly, voluntarily, and with the assistance of counsel signed the

service agreement including the above-mentioned certification.

61. Therefore, Defendants are well aware of their obligations to provide compliant pre-adverse action and adverse action notices to its job applicants and employees whenever it decides to take adverse action. Nevertheless, Defendants Uber and Rasier neither directly provide such notices nor do they contract with Hirease to do so.

62. In direct violation of the FCRA and M.G.L. c. 93, whenever adverse action is taken against an applicant on the basis of information disclosed on a consumer report, Defendants simply tell the applicant that the adverse action is "purely a business decision." Defendants do not afford the applicants the procedural safeguards mandated by law as described above including failing to provide consumers with pre-adverse action notice, along with a reasonable opportunity to dispute the information *before* taking adverse action.

63. On information and belief, among its service offerings, Hirease provides a package of services which purport to assist the employer in complying with the FCRA by automatically generating and emailing pre-adverse action and adverse action notices to the consumer along with a copy of the consumer report under the employer's letterhead whenever there has been an adverse action adjudication by Hirease based on pre-determined criteria supplied by Uber and Rasier.

64. Consumer reporting agencies routinely provide a similar service and many employers purchase it. Uber and Rasier could have easily and cost-effectively complied with the mandates of the FCRA and G.L. c. 93 by purchasing such services, but failed to do so.

65. Uber knew or had reason to know that its conduct was inconsistent with published FTC guidance interpreting the FCRA and the plain language of the statute as applicable to independent contractors. *Advisory Opinion to Allison* (02-23-98) available at *http://www.ftc.gov/policy/advisory-opinions/advisory-opinion-allison-02-23-98* (last viewed October 29, 2014).

66. Pursuant to M.G.L. 151B, Section 4(9), and Title VII of the Civil Rights Act of 1964, an employer may not utilize as a factor in determining any condition of employment including hiring, promotion, or termination, any record of an arrest that did not result in conviction including but not limited to charges that have been dismissed, disposed of prior to trial, or never prosecuted. See http://www.eeoc.gov/laws/practices/inquiries_arrest_conviction.cfm

67. In direct and knowing violation of these statutes, Defendants denied Plaintiff's employment on the basis of an arrest alone.

## STATEMENT OF CLAIMS

### COUNT I - Violation of the Fair Credit Reporting Act
### 15 U.S.C. §§ 1681b(b)(3)(A)
### (on behalf of Plaintiff and the Class)

68. Plaintiff realleges and incorporates each of the foregoing paragraphs as fully set forth herein.

69. Defendants used a "consumer report," as defined by the FCRA, to take adverse employment action against Plaintiff and other members of the Putative Class.

70. Defendants violated the FCRA by failing to acquire from Plaintiff and Class members proper authorization prior to conducting the background check and/or did not utilize an authorization with the requisite statutory requirements.

71. Defendants violated the FCRA by failing to provide Plaintiff and other Putative Class members, prior to taking adverse action, with notice that adverse action would be taken in whole or in part based on a consumer report.

72. The foregoing violations were willful. Defendants acted in deliberate or reckless disregard of its obligations and the rights of Plaintiff and other Class members under 15 U.S.C. § 1681b(b)(3)(A). The willfulness of Defendants' conduct is reflected by, among other things, the following facts:

   a. Based on the plain language of the statute, legal advice provided by its own general counsel, or outside employment counsel, and published FTC guidance, Defendants knew or should have known that its failure to provide compliant pre-adverse actions notice was unlawful;
   b. Based on published FTC guidance, Defendants knew or should have known that its choice to consider itself exempt from the provisions of the FCRA because they believe themselves to utilize independent contractors and not employees was unlawful;
   c. Defendants could have complied with the statutory duty to provide a pre-adverse action notice either by sending the notice directly to the affected consumer job applicant, or by contracting with Hirease to do so on its behalf;
   d. Despite the clear notice of the law, full ability to comply, and ample opportunity to do so, Defendants failed to adopt any measure or mechanism which would have provided the required notice to Plaintiff and the Class.

73. Plaintiff and the Putative Class are entitled to statutory damages of not less than

11

$100.00 and not more than $1,000.00 for each and every one of these violations, pursuant to 15 U.S.C. § 1681n(a)(1)(A).

74. Plaintiff and the Putative Class are further entitled to recover their costs and attorney's fees, pursuant to 15 U.S.C. § 1681n(a)(3).

## COUNT II – Violation of the Massachusetts
## Consumer Credit Reporting Act M.G.L c. 93 §§ 50 *et seq.*

75. Plaintiff realleges and incorporates each of the foregoing paragraphs as fully set forth herein.

76. Defendants used a "consumer report" as defined by the MCRA to take adverse employment action against Plaintiff and other members of the Putative Class.

77. Defendants violated the MCRA by failing to include statutorily-required language in its Summary of Rights document.

78. Defendants violated the MCRA by failing to password protect and encrypt consumer reports.

79. Defendants violated the MCRA by storing and transmitting consumer reports through cloud-based, public storage systems.

80. Defendants violated the MCRA by failing to maintain and to provide a CORI policy.

81. Defendants violated the MCRA by failing to provide to applicants a copy of the DCJIS pamphlet.

82. Defendants violated the MCRA by failing to advise Plaintiff and the Members of the Putative Class of the statutorily-required rights in M.G.L. c. 93 § 62 in their adverse action notice.

83. The foregoing violations were willful. Defendants acted in deliberate or reckless disregard of their obligations and the rights of Plaintiff and other Class members under M.G.L. c. 93 § 50 *et seq.*

84. Plaintiff and the Class Members are entitled to:

    a. Any actual damages sustained by the consumer as a result of the failure;
    b. Such amount of punitive damages as the court may allow;
    c. The costs of this action together with reasonable attorney's fees as determined by the court; and
    d. Treble damages and attorney fees pursuant to M.G.L. c. 93 § 68, incorporating by reference M.G.L. 93A § 2(a).

## COUNT III - VIOLATION OF M.G.L. c. 151B[2]
### (on behalf of the Plaintiff and the Subclass)

85. Plaintiff realleges and incorporates each of the foregoing paragraphs as fully set forth herein.

86. Defendants violated M.G.L. c. 151B by taking adverse action against Plaintiff and the other Putative Class members on the basis of records of arrests that did not result in conviction in violation of M.G.L. c. 151B.

87. Plaintiff and the Putative Class are entitled to actual or statutory damages, back pay, front pay, emotional distress damages, and punitive damages for each and every one of these violations plus costs and reasonable attorney's fees.

### PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF seeks judgment in favor of himself and the proposed Class and Subclasses:

1. That an order be entered certifying a proposed FCRA class and a proposed MCRA class and appointing Plaintiff and his counsel to represent the Class and Subclasses;

2. That statutory penalties be entered against Defendants and in favor of Plaintiff and Class members, which should be multiplied as may be statutorily required;

3. That punitive damages be assessed against Defendants;

4. That the Court award costs and reasonable attorney's fees against Defendants;

5. That Plaintiff and the subclass be awarded compensatory and punitive damages on claims under Chapter 151B; and

6. That the court grant all such other and further relief as may be just and proper.

---

[2] Plaintiff recognizes that this claim is not quite ripe in court until he has exhausted administrative remedies and removed his MCAD action to this Court. Plaintiff has filed the requisite MCAD action. Accordingly, this count is pleaded as a placeholder until the requisite time passes for plaintiff to withdraw his MCAD action from the MCAD. Plaintiff agrees not to pursue this count in court until such time.

A JURY TRIAL IS DEMANDED ON ALL ISSUES SO TRIABLE.

DATED OCTOBER 29, 2014

THE PLAINTIFF
MARK GOLBERG on his own behalf and on
Behalf of all others similarly situated

BY

Michael T. Marshall, Esq.
BBO: 678550
The Law Office of Michael T. Marshall, Esq.
50 Station Landing Suite 606
Medford, MA 02155
617-903-7483
Michael@MLBoston.com

14

# Exhibit A

Email of partnersboston@uber.com to
Mark Goldberg, July 22, 2014, 8:27PM,
"Your UberX Application"



Mark Goldberg <marqos@gmail.com>

## Your UberX Application
1 message

partnersboston@uber.com <partnersboston@uber.com>                    Tue, Jul 22, 2014 at 8:27 PM
To: marqos@gmail.com

Hi Mark,

Applying to partner with Uber is easy! Go to partners.uber.com.

You'll need to complete THREE steps before you hit the road. This should take about 30 minutes total. Once you've completed these three easy steps, we'll be able to ship a phone directly to you!

~~~~~~~~

STEP 1: Complete the FREE online background check: http://t.uber.com/bosXbc (5 minutes)

Please note that you may have already completed this background check when you signed up. If you try to fill out the background check again, you will get a message saying that "your email address has already been registered."

~~~~~~~~

STEP 2: Upload required documents to partners.uber.com (5 minutes)

The following documents are required to partner with Uber:
- Driver's license
- Car registration
- Personal insurance documentation
- Car make / model (2004 or newer) / plate

To upload documents, sign in to https://partners.uber.com with your username and password. Follow the website instructions to upload images of these documents.

If you have trouble with this step, e-mail a photo of your personal insurance, car registration, and driver's license to bostondocs@uber.com. Please include your cell phone # in the email.

~~~~~~~~

STEP 3: Pass online quiz (20 minutes)

A. Click here to view the video: http://t.uber.com/bosXquiz
B. Click the "Start" button
C. Complete the videos and final quiz

\*\*\*\*\*\*\*\*

Once you complete the steps above, please e-mail us at partnersboston@uber.com to request a phone.

Thanks!

Uber Boston

Forgot your password? Click here to reset your password: https://partners.uber.com/#!/forgot-password

Got questions? Email us at partnersboston@uber.com

Exhibit B

Email of uberreports@hirease.com to
Mark Goldberg, Aug. 4 2014 9:36PM



## Rasier Boston, MA [Encrypt]

uberreports@hirease.com <uberreports@hirease.com>                    Mon, Aug 4, 2014 at 9:36 PM
To: marqos@gmail.com

Consumer

With regard to your proposal to enter an independent contractor relationship with Rasier Boston, MA, you
authorized them to procure a consumer report. Enclosed is a copy of the consumer report that you authorized.
Also enclosed is a copy of the "Summary of Rights Under the Fair Credit Reporting Act." These are being
provided to you pursuant to the Fair Credit Reporting Act.

Currently, a decision is pending regarding your proposal. The contents of the enclosed report are under review
and are being considered with regard to your proposal.

Please note HIREASE, INC. plays NO PART in the eligibility decision. HIREASE, INC. is UNABLE to provide you
with the specific reason(s) for Rasier Boston, MA not agreeing to your proposal.

This consumer report was used only for purposes of determining your eligibility as an independent contractor and
was prepared for us by a consumer reporting agency. If this report contains any information that is inaccurate or
incomplete, please contact HIREASE, INC. immediately so that the corrected or disputed information can be
reviewed prior to a decision being made.

Their mailing address and phone number are listed below:

HIREASE, INC.
PO Box 2559
Southern Pines, NC 28388
Voice: 866-680-3596 Fax: 866-693-1785
www.hirease.com

Within 60 days of receipt of this notice, you may, upon providing proper identification, request another free copy of
the report. Further, you may dispute the completeness or accuracy of any information in the report by contacting
Hirease at the above address. Upon notice from you of a dispute, a re-verification will be made unless there are
reasonable grounds to believe the dispute is frivolous or irrelevant. If parts of the report are deleted or changed
because of this re-verification, Rasier Boston, MA and the consumer will receive a corrected report.

Again,

Please note HIREASE, INC. plays NO PART in the eligibility decision. HIREASE, INC. is UNABLE to provide you
with the specific reason(s) for Rasier Boston, MA not agreeing to your proposal.

Your report has been password protected. The password is your drivers license number or the last 4 digits of your
social security number and the first 3 letters of your last name.

Exhibit C

"MarkGoldberg390.pdf" printout.

www.HireRight
855-XXX-XXXX

## CONFIDENTIAL BACKGROUND REPORT FOR:

**COMPANY:**
Rasier Boston, MA
Boston, MA

**REFERENCE:**
**REQUESTOR:** David Dreyfus
**CLIENT #:** RRASBN13
**PHONE #:**
**FAX #:**

**DATE RECEIVED:**
7/29/2014 9:09 PM

**DATE COMPLETED:**
8/4/2014 1:29 PM

**PACKAGE:**
Level 2 Package

**FAIR CREDIT REPORTING ACT NOTICE:**
The information in this report is derived from records in accordance with the Fair Credit Reporting Act (FCRA, Public Law 91-508, Title VI). This information may only be used to verify statements made by an individual for retention or employment purposes or in connection with other legitimate business needs. The depth of information available varies. Although every effort has been made to assure accuracy, HireRight Inc. cannot act as guarantor of information accuracy or completeness. Final verification of an individual's identity and proper use of report contents are the user's responsibility. HireRight Inc.'s corporate policy requires the purchasers of their reports to have signed a Consumer Report User Agreement. This ensures HireRight Inc. they have established need and will abide by their obligations, as stated in the FCRA, to the individuals many as these reports.

### IDENTIFICATION

**APPLICANT'S LAST NAME/FIRST/MIDDLE:**
Goldberg, Mark

**DATE OF BIRTH:**
8/14/****

**SSN:**
***-** 2298

**ADDRESS:**
15 Sentinel Rd
Hingham, MA 02043

**ALIAS NAMES (AKA'S):**
None Reported

### SUMMARY

| REPORT TYPE | DESCRIPTION |
|---|---|
| County (PLYMOUTH - ENTERED WITH CITY) | Complete |
| County (LOS ANGELES - ENTERED WITH CITY) | Complete |
| County (SAN FRANCISCO - CA, ENTERED) | Complete |
| Statewide (NEW YORK) | Complete |
| Federal District (SOUTHERN AND EASTERN CALIFORNIA) | Complete |
| Federal District (SOUTHERN AND EASTERN NEW YORK) | Complete |
| Federal District (SOUTHERN AND EASTERN MASSACHUSETTS) | Complete |
| Federal District (CENTRAL AND SOUTHERN NEW YORK) | Complete |
| Social Trace | Complete |

### COUNTY

**LOCATION:** Plymouth, MA

**NAME SEARCHED:** Goldberg, Mark

**SEARCH TYPE:** County - Felony and Misdemeanor

**TERM:** 7+ Years

**SUBMITTED:** 7/29/2014 9:09 PM

**RETURNED:** 8/4/2014 1:28 PM

## COMPLETE

### COUNTY

**LOCATION:** Los Angeles, CA

**NAME SEARCHED:** Goldberg, Mark

**SEARCH TYPE:** County - Felony and Misdemeanor

**TERM:** 7+ Years

**SUBMITTED:** 7/29/2014 9:09 PM

**RETURNED:** 7/30/2014 1:41 AM

## COMPLETE

### COUNTY

**LOCATION:** San Francisco, CA

**NAME SEARCHED:** Goldberg, Mark

**SEARCH TYPE:** County - Felony and Misdemeanor

**TERM:** 7+ Years

**SUBMITTED:** 7/29/2014 9:09 PM

**RETURNED:** 7/30/2014 9:23 PM

## COMPLETE

### STATEWIDE

**LOCATION:** Statewide, NY

**NAME SEARCHED:** Goldberg, Mark

**SEARCH TYPE:** Statewide - Felony and Misdemeanor

**TERM:** 7+ Years

**SUBMITTED:** 7/29/2014 9:09 PM

**RETURNED:** 7/31/2014 9:18 AM

## COMPLETE

**RESEARCH NOTES:** Job Number: 2810717

### FEDERAL DISTRICT

**LOCATION:** California Northern, CA

**NAME SEARCHED:** Goldberg, Mark

**SEARCH TYPE:** Federal District

**TERM:** 7+ Years

**SUBMITTED:** 7/29/2014 9:09 PM

**RETURNED:** 8/1/2014 5:06 PM

**CASE ID:** 3:14-cr-00016-MMC-4

**NAME:** MARK GOLDBERG

**OTHER:** FULL NAME AND FULL ADDRESS MATCH

**OFFENSE TYPE:** FELONY

**FILE DATE:** 01/09/2014

**CHARGE:** Conspiracy to Manufacture, Possess With Intent to Distribute and to Distribute Marijuana

**DISPOSITION DESC:** PENDING TRIAL; NEXT COURT DATE IS 9/17/2014 @2:15PM

**DISPOSITION DATE:** ONGOING TRIAL/UKN

### FEDERAL DISTRICT

**LOCATION:** Massachusetts, MA

**NAME SEARCHED:** Goldberg, Mark

**SEARCH TYPE:** Federal District

**TERM:** 7+ Years

**SUBMITTED:** 7/29/2014 9:09 PM

**RETURNED:** 8/1/2014 5:06 PM

## COMPLETE

### FEDERAL DISTRICT

**LOCATION:** California Central, CA

**NAME SEARCHED:** Goldberg, Mark

**SEARCH TYPE:** Federal District

**TERM:** 7+ Years

**SUBMITTED:** 7/29/2014 9:09 PM

**RETURNED:** 7/29/2014 11:05 PM

## COMPLETE

### FEDERAL DISTRICT

**LOCATION:** New York Southern, NY

**NAME SEARCHED:** Goldberg, Mark

**SEARCH TYPE:** Federal District

**TERM:** 7+ Years

**SUBMITTED:** 7/29/2014 9:09 PM

**RETURNED:** 8/1/2014 5:04 PM

## COMPLETE

### SOCIAL TRACE

**SEARCH TYPE:** Social Security Trace

**SUBMITTED:** 7/29/2014 9:09 PM

**RETURNED:** 7/29/2014 9:09 PM

Goldberg, Mark L.

**ISSUE STATE:** MA

**ISSUE DATE:** 1973-1975

Goldberg, Mark L

**RPTD:** 1994-10-01 to 2014-07-01

**COUNTY:** PLYMOUTH

**DISTRICT:** MASSACHUSETTS

Goldberg, Mark L

**RPTD:** 2010-06-01 to 2013-01-01

**COUNTY:** LOS ANGELES

**DISTRICT:** CALIFORNIA CENTRAL

Goldberg, Mark L

**RPTD:** 2010-08-01 to 2012-09-01

**COUNTY:** SAN FRANCISCO

**DISTRICT:** CALIFORNIA NORTHERN

Goldberg, Mark L

**RPTD:** 2010-03-01 to 2010-03-01

**COUNTY:** NEW YORK

**DISTRICT:** NEW YORK SOUTHERN

# Exhibit D

Email from uberreports@hirease.com,
Tue. Aug. 12, 2014, 1:21AM



Mark Goldberg <marqoe@gmail.com>

## Rasier Boston, MA
1 message

uberreports@hirease.com <uberreports@hirease.com>           Tue, Aug 12, 2014 at 1:21 AM
To: marqoe@gmail.com

Dear Consumer:

In reference to your proposal to enter an independent contractor relationship, Rasier Boston, MA regrets to inform you that they are unable to further consider your proposal at this time. The decision, in part, is the result of information obtained through the Consumer Reporting Agency identified below.

In accordance with the Fair Credit Reporting Act, you have previously received a copy of this information and a copy of your rights under the Act. You have the right to obtain within 60 days of receipt of this letter a free copy of your consumer report from the Consumer Reporting Agency as identified below, which complies and maintains files on consumers on a nationwide basis.

You have the right to dispute any information contained in the report that you believe may be inaccurate or incomplete by contacting Hirease or, if the report is a credit report, by contacting the credit bureau that furnished the report.

The report was furnished to us by:

Hirease, Inc.
Attn: Applicant Screening
P O Box 2559
Southern Pines NC 28388
(866) 680-3596

Please understand that while Hirease, Inc. provided the report, they DID NOT make this decision, and they are UNABLE to provide you the specific reasons as to why Rasier Boston, MA made this decision.

# Exhibit E

# Email chain of Mark Goldberg and Brenna Dion, Aug. 12, 2014 9:37AM-1:31PM

 **GMail**

**Mark Goldberg <marqos@gmail.com>**

---

## [Uber] Re: My applications status and UberX candidacy

Brenna Dion <notifications-support@ubercab.zendesk.com>                    Tue, Aug 12, 2014 at 4:31 PM
Reply-To: Uber <support+id8887496@ubercab.zendesk.com>
To: Marqos <marqos@gmail.com>

# U B E R

#### Please type your reply above this line -##

Your request (8887496) has been updated. To add additional comments, reply to this email.

**Brenna Dion (Uber)**
Aug 12 13:31

Hi Mark,

Thanks for your reply. Please know that we review every application extremely
thoroughly. While we sincerely appreciate your interest in partnering with Uber,
we cannot move forward with your application. I have no doubt that you are a
caring and polite individual, and I appreciate you taking the time to email
regarding your application. Please understand that this purely a business
decision.

Sincerely,

Brenna
Community Operations Manager

uber.com | facebook.com/uber | @uber

**Marqos**
Aug 12 09:37

8/19/14, 9:08 AM

Dear Brenna,

I received an email last night confirming my background report. My hope is that you will have compassion for my unique circumstances, given that I haven't been convicted of any crimes, have a clean driving record and don't use any drugs, have no history of violence, and have offered an official reference to confirm the veracity of my statements.

I understand how it may be much easier simply to deny my eligibility, but I think that under careful consideration you will see that this is a very low-risk situation for Uber, with a great deal of upside. I believe that if you gave me a chance you would see that I would only perform as a stellar addition to your fleet. I am responsible, caring, polite, and aim to exceed passenger expectations in every way possible. Please take a chance on me, I won't let you down.

Sincerely,

Mark Goldberg
617-505-8290

**Brenna Dion** (Uber)
[Quoted text hidden]

[Quoted text hidden]
[Quoted text hidden]

**Message-Id:Y0VAFKNT_53ea798add1db_4ac93fbd70eb332825943e4_sprut**

# Exhibit F

# Email of Jason Holt to Mark Goldberg, Thu. Aug 15, 2014, 7:31AM



Mark Goldberg <marqos@gmail.com>

## [Uber] Re: My applications status and UberX candidacy

Jason Holt <notifications-support@ubercab.zendesk.com>          Fri, Aug 15, 2014 at 10:31 AM
Reply-To: Uber <support+id8687496@ubercab.zendesk.com>
To: Marqos <marqos@gmail.com>

# U B E R

*##- Please type your reply above this line -##*

Your request (8687496) has been updated. To add additional comments, reply to this email.


**Jason Holt (Uber)**
Aug 15 07:31

Dear Mark,

Thanks for your email and we appreciate you reaching out. As I am sure you
know, Uber does not employ any drivers or own any vehicles. Our background
checks are meant to ensure that we are connecting riders with the safest rides
on the road. If at any time your circumstances change and you would like us to
re-run your background check, please let us know.

Best regards,

Jason
Uber Boston Senior Operations Manager



**Marqos**
Aug 14 14:16

[Quoted text hidden]

             8/19/14, 9:09 AM

# NATIONAL REGISTERED AGENTS, INC.

## SERVICE OF PROCESS SUMMARY TRANSMITTAL FORM

To:  SHIRIN SCHOKRPUR
UBER TECHNOLOGIES, INC.
1455 MARKET STREET
4TH FLOOR
SAN FRANCISCO, CA 94103

SOP Transmittal # **525996188**

617-757-6404 - Telephone

Entity Served:  UBER TECHNOLOGIES, INC. (Domestic State: DELAWARE)

Enclosed herewith are legal documents received on behalf of the above captioned entity by National Registered Agents, Inc. or its Affiliate in the State of MASSACHUSETTS on this 31 day of October, 2014. The following is a summary of the document(s) received:

1.  **Title of Action:** Mark Goldberg, on behalf of himself and others similarly situated, Pltf. vs. Uber Technologies, Inc., et al., Dfts.

2.  **Document(s) Served:** Other: Summons, Proof of Service, Cover Sheet, Attachment, Class Action Complaint, Exhibit(s)

3.  **Court of Jurisdiction/Case Number:** Suffolk County Superior Court, MA
Case # 143388G

4.  **Amount Claimed, if any:** N/A

5.  **Method of Service:**

    _X_ Personally served by:      _X_ Process Server      ___ Deputy Sheriff      ___ U. S Marshall

    ___ Delivered Via:      ___ Certified Mail      ___ Regular Mail      ___ Facsimile

    ___ Other (Explain):

6.  **Date and Time of Receipt:** 10/31/2014 03:27:00 PM CST

7.  **Appearance/Answer Date:** Within 20 days after service, exclusive of the day of service

8.  **Received From:**  Michael T. Marshall
The Law Office of Michael T. Marshall
50 Station Landing
Suite 606
Medford, MA 02155
617-903-7483

9.  **Federal Express Airbill #** 771715984940

10. **Call Made to:** Not required

11.  **Special Comments:**
SOP Papers with Transmittal, via Fed Ex 2 Day
Image SOP
Email Notification, SALLE YOO LEGAL@UBER.COM

**NATIONAL REGISTERED AGENTS, INC.**                              **CopiesTo:**

Transmitted by Dahrlena Mitchell

The information contained in this Summary Transmittal Form is provided by National Registered Agents, Inc. for informational purposes only and should not be considered a legal opinion. It is the responsibility of the parties receiving this form to review the legal documents forwarded and to take appropriate action.

ORIGINAL

# Commonwealth of Massachusetts

SUFFOLK, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION

No. 14-3388

Mark Goldberg _____ , Plaintiff(s)

v.

(1) Uber Technologies Inc.
(2) Rasier, LLC    (3) Hirease, LLC _____ , Defendant(s)

## SUMMONS



To the above-named Defendant: Uber Technologies Inc.

You are hereby summoned and required to serve upon Michael T. Marshall
50 Station Landing Ste 606

plaintiff's attorney, whose address is Medford MA 02155 _____ , an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Boston either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Barbara J. Rouse, Esquire, at Boston, the _____30th_____ day of
_____October_____ , in the year of our Lord two thousand _____14_____ .

*Michael Joseph Donovan*

Clerk/Magistrate

A true copy Attest: _____

10/31/14

Deputy Sheriff Suffolk County

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED
   (1) TORT — (2) MOTOR VEHICLE TORT — (3) CONTRACT — (4) EQUITABLE RELIEF — (5) OTHER

FORM CIV.P. 1 3rd Rev. 20M-10/11

**NOTICE TO DEFENDANT** — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

# PROOF OF SERVICE OF PROCESS

I hereby certify and return that on _____,201____, I served a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant, in the following manner (See Mass. R. Civ. P. 4 (d) (1-5):

_____

_____

_____

Dated:_____,201_____      _____

**N.B.   TO PROCESS SERVER: –**
**PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN**
**THIS BOX ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.**

,201 .

**Commonwealth of Massachusetts**

SUFFOLK, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION
No. _____

_____, Plff(s).

v.

_____, Deft(s).

SUMMONS
(Mass. R. Civ. P. 4)

(AFFIX FILING STAMP HERE)

| CIVIL ACTION COVER SHEET | TRIAL COURT OF MASSACHUSETTS SUPERIOR COURT DEPARTMENT COUNTY OF SUFFOLK | DOCKET NO. 14-3388 |
|---|---|---|

| PLAINTIFF(S) MARK GOLDBERG | DEFENDANT(S) UBER TECHNOLOGIES INC, RASIER LLC, HIREASE LLC |
|---|---|

| Plaintiff Atty | Michael T. Marshall | Type Defendant's Attorney Name |
|---|---|---|

| Address | 50 Station Landing Suite 606 | Defendant Atty | |
|---|---|---|---|
| | | Address | |
| City | Medford State MA Zip Code 02155 | City State Zip Code |

| Tel. | +1 (617) 903-7483 | BBO# | 678,550 |
|---|---|---|---|

**TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)**

CODE NO.       TYPE OF ACTION (specify)       TRACK       IS THIS A JURY CASE?

A99 Other (specify ) - Fast Track                                      ☐ Yes ☐ No

RECEIVED

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

OCT 29

### TORT CLAIMS
(Attach additional sheets as necessary)

SUPERIOR COURT - CIVIL
MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE

| | | |
|---|---|---|
| A. | Documented medical expenses to date: | |
| | 1. Total hospital expenses | $ |
| | 2. Total doctor expenses | $ |
| | 3. Total chiropractic expenses | $ |
| | 4. Total physical therapy expenses | $ |
| | 5. Total other expenses (describe) | $ |
| | Subtotal | $ |
| B. | Documented lost wages and compensation to date | $ |
| C. | Documented property damages to date | $ |
| D. | Reasonably anticipated future medical expenses | $ |
| E. | Reasonably anticipated lost wages and compensation to date | $ |
| F. | Other documented items of damages (describe) | $ |
| G. | Brief description of plaintiff's injury, including nature and extent of injury (describe) | |

Total $

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

TOTAL        $..............

**PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT**

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record                    Date: Oct. 29, 2014

A.O.S.C. 3-2007

ATTACHMENT TO CIVIL ACTION COVER SHEET

GOLDBERG v. UBER TECHNOLOGIES INC., et al.

SUPERIOR COURT RULE 29 STATEMENT

As set out more fully in Plaintiff's complaint, Plaintiff and the proposed class have suffered damages due to Defendants' violations of the Federal Fair Credit Reporting Act, the Massachusetts Consumer Credit Reporting Act, and M.G.L. 151B. Plaintiff and the purported class are not in possession of documents and information sufficient to determine the exact amount of their damages, but have a reasonable basis for the belief that the amount in controversy well-exceeds $25,000.00.

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.                                    SUPERIOR COURT

MARK GOLDBERG, on behalf of himself
and others similarly situated,
                    Plaintiff,

v.                                              Civil Action No.

UBER TECHNOLOGIES, INC., RASIER                 14-3388G
LLC, & HIREASE, LLC
                    Defendants



RECEIVED

OCT 3 0 2014

SUPERIOR COURT - CIVIL
MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE

**CLASS ACTION COMPLAINT AND JURY DEMAND**

1. This is a consumer class action challenging Defendants UBER
   TECHNOLOGIES, INC., ("Uber"), Uber's wholly-owned affiliate RASIER, LLC
   ("Rasier") and HIREASE, INC.'s ("Hirease") widespread violations of the Fair
   Credit Reporting Act, 15 U.S.C. §§ 1681-81x ("FCRA") in employment criminal
   background screening. This case further challenges Defendants' widespread
   violations of coordinate Massachusetts law, the Massachusetts Consumer Credit
   Reporting Act ("MCRA") M.G.L. c. 93 §§ 50 et seq.

2. Ninety-two percent of all employers, including Uber and Rasier, routinely obtain
   background check reports or consumer reports on prospective and existing
   employees. Employers frequently rely on such information as a basis for adverse
   employment action, e.g., denial/termination of employment.[1]

3. Before employers use consumer background reports as a factor in their decisions
   to hire, promote, reassign, or terminate employees, the FCRA and MCRA impose
   certain strictures on those employers. Specifically, the statutes require that an
   employer first disclose its intent to use a background report in its hiring decision
   and must obtain the prospective employee's written authorization to do so, and
   the employer's disclosure must be "in a document that consists solely of the
   disclosure." 15 U.S.C. § 1681b(b)(2)(A). Hirease contracts with these employers
   to provide background screening services and Uber and Rasier make use of such

---

[1] EEOC Enforcement Guidance, *Enforcement Guidance on the Consideration of Arrest
and Conviction Records in Employment Decisions Under Title VII of the Civil Rights Act
of 1964, as amended 42 U.S.C. § 2000 et seq.* (April 25, 2012), p. 6
(http://www.eeoc.gov/laws/guidance/upload/arrest_conviction.pdf) (last visited October
24, 2014).

information in hiring decisions.

4. Misreported information can and does often lead to grave consequences for the job seeker. Thus, Congress enacted the FCRA to insure consumer information is furnished and used in a manner that is "fair and equitable to the consumer . . ." 15 U.S.C. § 1681(b).

5. Accordingly, under the FCRA, 15 U.S.C. § 1681b(b)(3)(A), *before* taking any adverse employment action based in whole or in part on a consumer report, the employer must provide to the job applicant:

   a. A copy of the consumer report;
   b. A description in writing of the rights of the consumer under the FCRA; and
   c. A reasonable opportunity to dispute the information before rendering the adverse employment decision.

6. The MCRA contains similar strictures, but adds certain language protecting and advising consumers of their rights that employers must include in their notices at the varying stages.

7. After an adverse action occurs, the consumer job applicant must receive a second notice, mandated by 15 U.S.C. § 1681m(a). (Hereafter, Plaintiff will refer to the first of these notices as the "pre-adverse action notice," and the second as the "adverse action notice.")

8. The pre-adverse action notice requirement is unqualified. "Employers must comply with the pre-adverse action disclosure requirement even where the information contained in the consumer report (such as a criminal record) would automatically disqualify the individual from employment or lead to an adverse employment action." FTC, *40 years of Experience with the Fair Credit Reporting Act* (July 2011) p. 53.

9. In order to ensure knowing compliance with the FCRA, Congress further requires that before any consumer reporting agency may provide consumer reports on an applicant, the reporting agency must have obtained certification from the employer that it will comply with 15 U.S.C. § 1681b(b)(3) by providing the consumer with a pre-adverse action notice whenever the employer decides to take adverse action based in whole or in part on the consumer report. 15 U.S.C. § 1681b(b)(1)(A).

10. The Federal Trade Commission has issued guidance that when an employer enters into a *bona fide* independent contractor relationship with an individual, it must comply with the applicable provisions of the FCRA pertaining to consumer reports obtained for employment practices. FTC, *Advisory Opinion to Allison (02-23-98)* available at *www.http://www.ftc.gov/policy/advisory-opinions/advisory-*

*opinion-allison-02-23-98* (last viewed Oct. 25, 2014).

11. Uber and Rasier are employers and are "users" of consumer reports for the purposes of the FCRA and it is therefore a regulated entity under the FCRA.

12. Plaintiff is informed and believes, and thereon alleges that Uber and Rasier knowingly, voluntarily, and with the assistance of its counsel, executed a certification providing that it would comply with various provisions of the FCRA, including providing a pre-adverse and adverse action notice, whenever adverse employment action was contemplated or taken based in whole or in part on information contained in a consumer report.

13. Despite its certification, Defendants knowingly violated 15 U.S.C. § 1681b(b)(3) and 15 U.S.C. § 1681m(a) and coordinate Massachusetts law by failing to provide its job applicants and employees with compliant pre-adverse action and adverse action notices in accordance with state and Federal law.

14. Based on these violations, Plaintiff asserts FCRA claims against Uber, Rasier and Hirease on behalf of himself and those similarly situated for Defendants' intentional failure to provide the notices as described above.

15. Plaintiff further asserts state law discrimination claims on his own behalf and on behalf of those similarly situated for Uber and Rasier's knowing and willful decision to refuse to hire him on the basis of an arrest alone.

## PARTIES

16. Plaintiff MARK GOLDBERG is, and at all times relevant hereto was, an individual over the age of 18 and a resident of Hingham, Massachusetts.

17. Plaintiff is a consumer as defined by 15 U.S.C. § 1681a(c) because he is an individual.

18. Defendant UBER TECHNOLOGIES, INC. is a company that conducts business throughout the United States, including in Suffolk County, Massachusetts. Uber is a foreign corporation organized under the laws of the state of Delaware with its principal place of business at 800 Market Street, 7th Floor, San Francisco, CA 94102. Uber has its Massachusetts office at 186 South Street Suite 20A, Boston, MA 02111. Uber maintains a registered agent with National Registered Agents, Inc, 155 Federal Street, Suite 700, Boston MA 02110.

19. Defendant RASIER, LLC is, on information and belief, a wholly owned subsidiary of Uber. Rasier is a foreign limited liability company organized under the laws of the state of Delaware with its principal place of business at 1455 Market Street 4th floor, San Francisco, CA, 94103. Rasier has its Massachusetts office at 186 South Street Suite 20A, Boston, MA 02111. Rasier maintains a

registered agent with National Registered Agents, Inc, 155 Federal Street, Suite 700, Boston MA 02110.

20. Defendant HIREASE, LLC is a foreign limited liability company organized under the laws of the state of Florida with its principal place of business at 695 S. Bennett St, Southern Pines, NC 28387. Hirease maintains a registered agent at CT Corporation System, 150 Fayetteville St, Box 1011, Raleigh NC 27601.

21. At all times relevant hereto, Uber and Rasier were users of consumer reports and is subject to regulation under 15 U.S.C. § 1681b and M.G.L. c 93 § 50. Hirease is a producer of such reports and is therefore subject to regulation under the same laws.

22. Defendants have each conducted substantial business in the Commonwealth and have availed themselves of the protection of its laws.

## FACTUAL ALLEGATIONS

23. Plaintiff has never been convicted of any offense whatsoever.

24. Plaintiff applied to Uber for employment on or about July 22, 2014.

25. Defendants accept applications for employment as drivers via its website *partners.uber.com/drive.*

26. In the course of its application, Uber presents drivers with the provision "By signing up, I agree to the Privacy Policy and understand that Uber is a request tool, not a transportation carrier." *https://partners.uber.com/signup/boston/p2p/*

27. Uber's application process comprises three steps. Step One requires that the applicant "Complete the FREE online background check: http://t.uber.com/bosxbc" (See Exhibit A Email of partnersboston@uber.com to Mark Goldberg, July 22, 2014, 8:27PM, "Your UberX Application").

28. At the conclusion of Step One, Plaintiff was required to supply an "electronic signature" of a document entitled "Background Check Terms." This document appears inside a graphical text box that is the fraction of the overall viewable screen such that only the title of the document and the first three lines of the document are visible to the user. The visible lines pertain not to the user's rights but rather state that "Rasier, LLC, the entity that contracts with drivers who provide peer-to-peer transportation requested through the Uber app, is committed to safety."

29. To access the rest of the document, the user must scroll down and read an additional several dozen lines that are entirely obscured by the text box.

4

30. The document contains language purporting to grant Defendants authorization on an ongoing and continual basis to access and reaccess consumer reports at any time without further authorization of the applicant.

31. Step Two of the application process requires that the applicant upload certain personal information such as a driver's license, car registration, personal insurance documentation, and information about the applicant's vehicle.

32. Step Three requires that the applicant complete a 20-minute online quiz.

33. Plaintiff completed Step One on or about July, 22, 2014. On or about July 29, 2014, Uber, through its affiliate Rasier, procured an employment background check report or consumer report from a consumer reporting agency, Hirease, Inc. Defendants sent an email from "uberreports@hirease.com" on July 29, 2014 entitled "Background Report for Rasier, Boston, MA" with the attached file Mark_Goldberg_452.pdf." The PDF contains a copy of Mr. Goldberg's consumer report from Hirease. The PDF file **was not password protected**.

34. Defendants sent an email from "uberreports@hirease.com" on July 29, 2014 entitled "Background Report for Rasier, Boston, MA" with the attached file "Mark_Goldberg_448.pdf." The PDF contains a copy of Mr. Goldberg's consumer report from Hirease. The PDF file **was not password protected**.

35. On August 4, 2014, Mr. Goldberg received a copy of his consumer report from "uberreports@hirease.com". The email states in part that "[t]his consumer report **was used** only for purposes of determining your eligibility as an independent contractor. . ." (Exhibit B, Email of uberreports@hirease.com to Mark Goldberg, Aug. 4 2014 9:36PM) (emphasis added). A "PDF" attachment labeled "MarkGoldberg390.pdf" accompanied the email. (Exhibit C, "MarkGoldberg390.pdf" printout.)

36. The August 4th, 2014 email indicates only that "[c]urrently, a decision is pending regarding your proposal. The contents of the enclosed report are under review and are being considered with regard to your proposal." This pre-decision email does **not** expressly state that adverse action against the Plaintiff was being contemplated.

37. The Commonwealth of Massachusetts has promulgated a regulation at 803 C.M.R. 2.11(2) providing that "Electronically-stored CORI shall be password protected and encrypted. Employers and governmental licensing agencies shall limit password access to only those employees who have been approved by them to access CORI."

38. The Commonwealth of Massachusetts has promulgated regulation at 803 C.M.R. 2.11(3) that "CORI shall not be stored using public cloud storage methods."

5

39. Defendants, on information and belief, stored Plaintiff's consumer report on public cloud storage methods including email servers.

40. The MarkGoldberg390.pdf file attached to the August 4, 2014 email **was password protected**. It contains first a FCRA "Summary of Rights." That Summary of Rights recites:

> **Summary of Your Rights Under the Fair Credit Reporting Act**
> The federal Fair Credit Reporting Act (FCRA) promotes the accuracy, fairness, and privacy of information in the files of consumer reporting agencies. There are many types of consumer reporting agencies, including credit bureaus and specialty agencies (such as agencies that sell information about check writing histories, medical records, and rental history records). Here is a summary of your major rights under the FCRA. **For more information, including information about additional rights, go to www.consumerfinance.gov/learnmore or write to: Consumer Financial Protection Bureau, 1700 G Street N.W., Washington, DC 20006. You may have additional rights under Maine's FCRA, Me. Rev. Stat. Ann. 10, Sec 1311 et seq.** (Emphasis in original, except for underlining of "Maine.")

41. The Summary of Rights does not contain the statutorily-required language prescribed by Massachusetts law informing the consumer that the reporting agency shall upon the request of the consumer provide the consumer a copy of such report upon its completion. Rather, the Summary of Rights document contains language required by the law of the State of Maine.

42. Prior to the decision not to hire Plaintiff, Plaintiff was aware that the Federal charges could appear on a consumer report. He therefore emailed Uber's Boston location August 5, 2014 in an effort to provide details of the situation. In that email, Plaintiff makes abundantly clear that "[w]hile I may have been charged, I have not been tried nor have I ever been convicted of any crimes."

43. On that same day, Boston Community Operations Manager Brenna Dion replied stating that "[w]e will certainly take the information you provided into consideration."

44. On August 12, 2014 at 1:21AM, an automated email from "uberreports@hirease.com" informed Plaintiff that "[i]n reference to your proposal to enter an independent contractor relationship, Rasier Boston, MA regrets to inform you that they are unable to further consider your proposal at this time. The decision, in part, is the result of information obtained through the Consumer Reporting Agency identified below." (See Exhibit D, Email from uberreports@hirease.com, Tue. Aug. 12, 2014, 1:21AM).

45. Uber declined to hire Plaintiff on the basis of the information in the consumer report.

46. Prior to declining to hire Plaintiff, Defendants did not issue a compliant pre-adverse action notice to Plaintiff.

6

47. Plaintiff never received a compliant pre-adverse action notice either from Uber, Rasier, Hirease or any other party contracted by Uber to provide such notice.

48. Plaintiff was deprived of any meaningful opportunity to review the information in the consumer report and discuss it with Uber before it made the decision not to hire him as the automated email came at 1:21AM and did not give meaningful consideration to Plaintiff's position on the matter.

49. On information and belief, Defendants conduct five or more criminal background checks annually and therefore are required to maintain a written criminal offender record information policy.

50. Defendants did not provide Plaintiff with a copy of any "CORI" or other background check policy.

51. Defendants did not provide Plaintiff with a copy of the "Massachusetts Information Concerning the Process in Correcting a Criminal Record" pamphlet required by statute and available at *http://www.mass.gov/eopss/docs/chsb/cori-process-correcting-criminal-record.pdf.*

52. On August 12, 2014 at 9:37AM, Plaintiff emailed Brenna Dion urging Uber to engage in individualized consideration of his situation. In response, Uber stated:

> "Please know that we review every application extremely thoroughly. While we sincerely appreciate your interest in partnering with Uber, we cannot move forward with your application. . . Please understand that this is purely a business decision." (Exhibit E, Email chain of Mark Goldberg and Brenna Dion, Aug. 12, 2014 9:37AM-1:31PM).

53. At 5:16PM that same day, Plaintiff emailed Uber once again questioning the legality of its refusal to hire on the basis of the information contained in the consumer report. Plaintiff further urged reconsideration of the matter. Plaintiff likewise expressed in no uncertain terms that "Massachusetts laws state that while Uber is entitled to conduct the background check, employers may not base any employment decision on arrests or prosecution that have not lead to a conviction."

54. The next morning, Jason Holt, Uber Boston Senior Operations Manager, personally emailed Plaintiff stating:

> "As I am sure you know, Uber does not employ any drivers or own any vehicles. Our background checks are meant to ensure that we are connecting riders with the safest rides on the road. If at any time your circumstances change and you would like us to re-run your background check, please let us know." (Exhibit F, Email of Jason Holt to Mark Goldberg, Thu. Aug 15, 2014, 7:31AM)

55. Defendants' FCRA obligations apply regardless of whether Defendants viewed Plaintiff as a prospective "employee" or "independent contractor" – indeed, even if Defendants viewed Plaintiff as a prospective independent contractor, that

assumption is wrong under the Fair Labor Standards Act ("FLSA") and Massachusetts General Laws, Chapter 149, Section 148B. Defendants knew or should have known their duties under the FCRA to provide pre-adverse and adverse action notices compliant with 15 U.S.C. § 1681b(b)(3) and 15 U.S.C. § 1681m(a). Nevertheless, Defendants intentionally, recklessly, or grossly negligently failed to provide the same to Plaintiff.

56. Defendants knew or should have known their duties under M.G.L. c. 93 § 50 *et seq.* to maintain a CORI policy and to provide a copy of such policy to Plaintiff upon an adverse employment decision.

57. Defendants knew or should have known their duties to include in the adverse action notice the statutorily-prescribed language under M.G.L. c. 93 § 62 requiring the Defendants to inform the consumer of his rights in substantially the manner mandated by the statute.

58. Defendants' final adverse action notice advises Plaintiff of some Federally-required rights but fails to inform the Consumer of the following rights, required by M.G.L. c. 93 § 62, emphasized in bold, below:

"You have a right to obtain a copy of your credit file from a consumer credit reporting agency. **You may be charged a reasonable fee not exceeding eight dollars. There is no fee, however, if you have been turned down for credit, employment, insurance, or rental dwelling because of information in your credit report within the preceding sixty days. The consumer credit reporting agency must provide someone to help you interpret the information in your credit file. Each calendar year you are entitled to receive, upon request, one free consumer credit report.**

You have a right to dispute inaccurate information by contacting the consumer reporting agency directly, either in writing or by telephone. **The consumer reporting agency shall provide, upon request and without unreasonable delay, a live representative of the consumer reporting agency to assist in dispute resolution whenever possible and practicable, or to the extent consistent with federal law. However, neither you nor any credit repair company or credit service organization has the right to have accurate, current, and verifiable information removed from your credit report. In most cases, under state and federal law, the consumer credit reporting agency must remove accurate, negative information from your report only if it is over seven years old, and must remove bankruptcy information only if it is over ten years old.**

**If you have notified a consumer credit reporting agency in writing that you dispute the accuracy of information in your file, the consumer credit reporting agency must then, within thirty business days, reinvestigate and modify or remove inaccurate information. The consumer credit reporting agency may not charge a fee for this service. Any pertinent information and copies of all documents you have concerning a dispute should be given to the consumer credit reporting agency.**

**If reinvestigation does not resolve the dispute to your satisfaction, you may send a statement to the consumer credit reporting agency to keep in your file, explaining why you think the record is inaccurate. The consumer credit reporting agency must include your statement about the disputed information in a report it issues about you.**

**You have a right to receive a record of all inquires relating to a credit transaction initiated in**

8

the six months preceding your request, or two years in the case of a credit report used for employment purposes. This record shall include the recipients of any consumer credit report.

You have the right to opt out of any prescreening lists compiled by or with the assistance of a consumer credit reporting agency by calling the agency's toll-free telephone number or contacting the agency in writing. You may be entitled to collect compensation, in certain circumstances, if you are damaged by a person's negligent or intentional failure to comply with the credit reporting act.

You have a right to request a "security freeze" on your consumer report. The security freeze will prohibit a consumer reporting agency from releasing any information in your consumer report without your express authorization. A security freeze shall be requested by sending a request either by certified mail, overnight mail or regular stamped mail to a consumer reporting agency, or as authorized by regulation. The security freeze is designed to prevent credit, loans or services from being approved in your name without your consent. You should be aware that using a security freeze may delay, interfere with, or prevent the timely approval of any subsequent request or application you make regarding new loans, credit, mortgage, insurance, government services or payments, rental housing, employment, investment, license, cellular phone, utilities, digital signature, internet credit card transactions, or other services, including an extension of credit at point of sale.

When you place a security freeze on your consumer report, within 5 business days of receiving your request for a security freeze, the consumer reporting agency shall provide you with a personal identification number or password to use if you choose to remove the freeze on your consumer report or to authorize the release of your consumer report to a specific party or for a specified period of time after the freeze is in place. To provide that authorization, you must contact the consumer reporting agency and provide the following:-

(1) the personal identification number or password provided by the consumer reporting agency;
(2) proper identification to verify your identity; and
(3) the third party or parties who are to receive the consumer report or the specified period of time for which the report shall be available to authorized users of the consumer report.

A consumer reporting agency that receives a request from a consumer to lift a freeze on a consumer report shall comply with the request not later than 3 business days after receiving the request.

A security freeze shall not apply to a person or entity, or to its affiliates, or collection agencies acting on behalf of the person or entity, with which you have an existing account, that requests information relative to your consumer report for the purposes of reviewing or collecting the account, if you have previously given consent to the use of your consumer report. "Reviewing the account" includes activities related to account maintenance, monitoring, credit line increases, and account upgrades and enhancements.

59. During the relevant period, Hirease provided and continues to provide consumer reports to Uber and Rasier under a service agreement. Plaintiff is informed and believes that under the service agreement, Uber and Rasier certified to Hirease that they would comply with the FCRA, including provisions specifically and directly relating to their duties to provide pre-adverse action and adverse action notices to its job applicants and employees.

60. Defendants knowingly, voluntarily, and with the assistance of counsel signed the

9

service agreement including the above-mentioned certification.

61. Therefore, Defendants are well aware of their obligations to provide compliant pre-adverse action and adverse action notices to its job applicants and employees whenever it decides to take adverse action. Nevertheless, Defendants Uber and Rasier neither directly provide such notices nor do they contract with Hirease to do so.

62. In direct violation of the FCRA and M.G.L. c. 93, whenever adverse action is taken against an applicant on the basis of information disclosed on a consumer report, Defendants simply tell the applicant that the adverse action is "purely a business decision." Defendants do not afford the applicants the procedural safeguards mandated by law as described above including failing to provide consumers with pre-adverse action notice, along with a reasonable opportunity to dispute the information *before* taking adverse action.

63. On information and belief, among its service offerings, Hirease provides a package of services which purport to assist the employer in complying with the FCRA by automatically generating and emailing pre-adverse action and adverse action notices to the consumer along with a copy of the consumer report under the employer's letterhead whenever there has been an adverse action adjudication by Hirease based on pre-determined criteria supplied by Uber and Rasier.

64. Consumer reporting agencies routinely provide a similar service and many employers purchase it. Uber and Rasier could have easily and cost-effectively complied with the mandates of the FCRA and G.L. c. 93 by purchasing such services, but failed to do so.

65. Uber knew or had reason to know that its conduct was inconsistent with published FTC guidance interpreting the FCRA and the plain language of the statute as applicable to independent contractors. *Advisory Opinion to Allison* (02-23-98) available at *http://www.ftc.gov/policy/advisory-opinions/advisory-opinion-allison-02-23-98* (last viewed October 29, 2014).

66. Pursuant to M.G.L. 151B, Section 4(9), and Title VII of the Civil Rights Act of 1964, an employer may not utilize as a factor in determining any condition of employment including hiring, promotion, or termination, any record of an arrest that did not result in conviction including but not limited to charges that have been dismissed, disposed of prior to trial, or never prosecuted. See http://www.eeoc.gov/laws/practices/inquiries_arrest_conviction.cfm

67. In direct and knowing violation of these statutes, Defendants denied Plaintiff's employment on the basis of an arrest alone.

## STATEMENT OF CLAIMS

### COUNT I - Violation of the Fair Credit Reporting Act
### 15 U.S.C. §§ 1681b(b)(3)(A)
### (on behalf of Plaintiff and the Class)

68. Plaintiff realleges and incorporates each of the foregoing paragraphs as fully set forth herein.

69. Defendants used a "consumer report," as defined by the FCRA, to take adverse employment action against Plaintiff and other members of the Putative Class.

70. Defendants violated the FCRA by failing to acquire from Plaintiff and Class members proper authorization prior to conducting the background check and/or did not utilize an authorization with the requisite statutory requirements.

71. Defendants violated the FCRA by failing to provide Plaintiff and other Putative Class members, prior to taking adverse action, with notice that adverse action would be taken in whole or in part based on a consumer report.

72. The foregoing violations were willful. Defendants acted in deliberate or reckless disregard of its obligations and the rights of Plaintiff and other Class members under 15 U.S.C. § 1681b(b)(3)(A). The willfulness of Defendants' conduct is reflected by, among other things, the following facts:

   a. Based on the plain language of the statute, legal advice provided by its own general counsel, or outside employment counsel, and published FTC guidance, Defendants knew or should have known that its failure to provide compliant pre-adverse actions notice was unlawful;

   b. Based on published FTC guidance, Defendants knew or should have known that its choice to consider itself exempt from the provisions of the FCRA because they believe themselves to utilize independent contractors and not employees was unlawful;

   c. Defendants could have complied with the statutory duty to provide a pre-adverse action notice either by sending the notice directly to the affected consumer job applicant, or by contracting with Hirease to do so on its behalf;

   d. Despite the clear notice of the law, full ability to comply, and ample opportunity to do so, Defendants failed to adopt any measure or mechanism which would have provided the required notice to Plaintiff and the Class.

73. Plaintiff and the Putative Class are entitled to statutory damages of not less than

11

$100.00 and not more than $1,000.00 for each and every one of these violations, pursuant to 15 U.S.C. § 1681n(a)(1)(A).

74. Plaintiff and the Putative Class are further entitled to recover their costs and attorney's fees, pursuant to 15 U.S.C. § 1681n(a)(3).

## COUNT II – Violation of the Massachusetts Consumer Credit Reporting Act M.G.L c. 93 §§ 50 *et seq.*

75. Plaintiff realleges and incorporates each of the foregoing paragraphs as fully set forth herein.

76. Defendants used a "consumer report" as defined by the MCRA to take adverse employment action against Plaintiff and other members of the Putative Class.

77. Defendants violated the MCRA by failing to include statutorily-required language in its Summary of Rights document.

78. Defendants violated the MCRA by failing to password protect and encrypt consumer reports.

79. Defendants violated the MCRA by storing and transmitting consumer reports through cloud-based, public storage systems.

80. Defendants violated the MCRA by failing to maintain and to provide a CORI policy.

81. Defendants violated the MCRA by failing to provide to applicants a copy of the DCJIS pamphlet.

82. Defendants violated the MCRA by failing to advise Plaintiff and the Members of the Putative Class of the statutorily-required rights in M.G.L. c. 93 § 62 in their adverse action notice.

83. The foregoing violations were willful. Defendants acted in deliberate or reckless disregard of their obligations and the rights of Plaintiff and other Class members under M.G.L. c. 93 § 50 *et seq.*

84. Plaintiff and the Class Members are entitled to:

   a. Any actual damages sustained by the consumer as a result of the failure;
   b. Such amount of punitive damages as the court may allow;
   c. The costs of this action together with reasonable attorney's fees as determined by the court; and
   d. Treble damages and attorney fees pursuant to M.G.L. c. 93 § 68, incorporating by reference M.G.L. 93A § 2(a).

## COUNT III - VIOLATION OF M.G.L. c. 151B[2]
### (on behalf of the Plaintiff and the Subclass)

85. Plaintiff realleges and incorporates each of the foregoing paragraphs as fully set forth herein.

86. Defendants violated M.G.L. c. 151B by taking adverse action against Plaintiff and the other Putative Class members on the basis of records of arrests that did not result in conviction in violation of M.G.L. c. 151B.

87. Plaintiff and the Putative Class are entitled to actual or statutory damages, back pay, front pay, emotional distress damages, and punitive damages for each and every one of these violations plus costs and reasonable attorney's fees.

### PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF seeks judgment in favor of himself and the proposed Class and Subclasses:

1. That an order be entered certifying a proposed FCRA class and a proposed MCRA class and appointing Plaintiff and his counsel to represent the Class and Subclasses;

2. That statutory penalties be entered against Defendants and in favor of Plaintiff and Class members, which should be multiplied as may be statutorily required;

3. That punitive damages be assessed against Defendants;

4. That the Court award costs and reasonable attorney's fees against Defendants;

5. That Plaintiff and the subclass be awarded compensatory and punitive damages on claims under Chapter 151B; and

6. That the court grant all such other and further relief as may be just and proper.

---

[2] Plaintiff recognizes that this claim is not quite ripe in court until he has exhausted administrative remedies and removed his MCAD action to this Court. Plaintiff has filed the requisite MCAD action. Accordingly, this count is pleaded as a placeholder until the requisite time passes for plaintiff to withdraw his MCAD action from the MCAD. Plaintiff agrees not to pursue this count in court until such time.

A JURY TRIAL IS DEMANDED ON ALL ISSUES SO TRIABLE.

DATED OCTOBER 29, 2014

THE PLAINTIFF
MARK GOLBERG on his own behalf and on
Behalf of all others similarly situated

BY:

Michael T. Marshall, Esq.
BBO: 678550
The Law Office of Michael T. Marshall, Esq.
50 Station Landing Suite 606
Medford, MA 02155
617-903-7483
Michael@MLBoston.com

14

# Exhibit A

Email of partnersboston@uber.com to
Mark Goldberg, July 22, 2014, 8:27PM,
"Your UberX Application"

 **Mark Goldberg <marqos@gmail.com>**

## Your UberX Application
1 message

partnersboston@uber.com <partnersboston@uber.com>                    Tue, Jul 22, 2014 at 8:27 PM
To: marqos@gmail.com

Hi Mark,

Applying to partner with Uber is easy! Go to partners.uber.com.

You'll need to complete THREE steps before you hit the road. This should take about 30 minutes total. Once
you've completed these three easy steps, we'll be able to ship a phone directly to you!

••••••••

STEP 1: Complete the FREE online background check: http://t.uber.com/bosXbc (5 minutes)

Please note that you may have already completed this background check when you signed up. If you try to fill out
the background check again, you will get a message saying that "your email address has already been
registered."

••••••••

STEP 2: Upload required documents to partners.uber.com (5 minutes)

The following documents are required to partner with Uber:
- Driver's license
- Car registration
- Personal Insurance documentation
- Car make / model (2004 or newer) / plate

To upload documents, sign in to https://partners.uber.com with your username and password. Follow the website
instructions to upload images of these documents.

If you have trouble with this step, e-mail a photo of your personal insurance, car registration, and driver's license
to bostondocs@uber.com. Please include your cell phone # in the email.

••••••••

STEP 3: Pass online quiz (20 minutes)

A. Click here to view the video: http://t.uber.com/bosXquiz
B. Click the "Start" button
C. Complete the videos and final quiz

********

Once you complete the steps above, please e-mail us at partnersboston@uber.com to request a phone.

Thanks!

Uber Boston

Forgot your password? Click here to reset your password: https://partners.uber.com/#!/forgot-password

Got questions? Email us at partnersboston@uber.com

# Exhibit B

# Email of uberreports@hirease.com to
# Mark Goldberg, Aug. 4 2014 9:36PM

 **G**M**ail**

Mark Goldberg <marqos@gmail.com>

## Rasier Boston, MA [Encrypt]

uberreports@hirease.com <uberreports@hirease.com>    Mon, Aug 4, 2014 at 9:36 PM
To: marqos@gmail.com

Consumer

With regard to your proposal to enter an independent contractor relationship with Rasier Boston, MA, you authorized them to procure a consumer report. Enclosed is a copy of the consumer report that you authorized. Also enclosed is a copy of the "Summary of Rights Under the Fair Credit Reporting Act." These are being provided to you pursuant to the Fair Credit Reporting Act.

Currently, a decision is pending regarding your proposal. The contents of the enclosed report are under review and are being considered with regard to your proposal.

Please note HIREASE, INC. plays NO PART in the eligibility decision. HIREASE, INC. is UNABLE to provide you with the specific reason(s) for Rasier Boston, MA not agreeing to your proposal.

This consumer report was used only for purposes of determining your eligibility as an independent contractor and was prepared for us by a consumer reporting agency. If this report contains any information that is inaccurate or incomplete, please contact HIREASE, INC. immediately so that the corrected or disputed information can be reviewed prior to a decision being made.

Their mailing address and phone number are listed below:

HIREASE, INC.
PO Box 2559
Southern Pines, NC 28388
Voice: 866-680-3596 Fax: 866-693-1785
www.hirease.com

Within 60 days of receipt of this notice, you may, upon providing proper identification, request another free copy of the report. Further, you may dispute the completeness or accuracy of any information in the report by contacting Hirease at the above address. Upon notice from you of a dispute, a re-verification will be made unless there are reasonable grounds to believe the dispute is frivolous or irrelevant. If parts of the report are deleted or changed because of this re-verification, Rasier Boston, MA and the consumer will receive a corrected report.

Again,

Please note HIREASE, INC. plays NO PART in the eligibility decision. HIREASE, INC. is UNABLE to provide you with the specific reason(s) for Rasier Boston, MA not agreeing to your proposal.

Your report has been password protected. The password is your drivers license number or the last 4 digits of your social security number and the first 3 letters of your last name.

# Exhibit C

## "MarkGoldberg390.pdf" printout.

# CONFIDENTIAL BACKGROUND REPORT FOR:

**COMPANY:**
Raster Boston, MA
Boston, MA

**REFERENCE:**
**REQUESTOR:** David Dreyfus
**CLIENT #:** RRASBM13
**PHONE #:**
**FAX #:**

**DATE RECEIVED:**
7/29/2014 9:09 PM

**DATE COMPLETED:**
8/4/2014 1:29 PM

**PACKAGE:**
Level 2 Package

## FAIR CREDIT REPORTING ACT NOTICE:

The information in this report is derived from records in accordance with the Fair Credit Reporting Act (FCRA, Public Law 91-508 Title VI). This information may only be used to verify statements made by an individual for retention or employment purposes or in connection with other legitimate business needs. The depth of information available varies. Although every effort has been made to ensure accuracy. Houston Inc. cannot act as guarantor of information accuracy or completeness. Final verification of an individual's identity and proper use of report contents are the user's responsibility. Houston Inc.'s corporate policy requires the purchasers of these reports to have signed a Consumer Report User Agreement. This ensures Houston Inc. that users are familiar with and will abide by their obligations, as stated in the FCRA, to the individuals seeking these reports.

## IDENTIFICATION

**APPLICANT'S LAST NAME/FIRST/MIDDLE:**
Goldberg, Mark

**DATE OF BIRTH:**
8/14/****

**SSN:**
***-** 2298

**ADDRESS:**
15 Sentinel Rd
Hingham, MA 02043

**ALIAS NAMES (AKA'S):**
None Reported

## SUMMARY

| REPORT TYPE | DESCRIPTION |
|---|---|
| County (illegible) | Complete |
| County (illegible) | Complete |
| County (illegible) | Complete |
| Statewide (illegible) | Complete |
| Federal District (illegible) | Complete |
| Federal District (illegible) | Complete |
| Federal District (illegible) | Complete |
| Federal District (illegible) | Complete |
| Social Trace | Complete |

## COUNTY

**LOCATION:** Plymouth, MA

**NAME SEARCHED:** Goldberg, Mark

**SEARCH TYPE:** County - Felony and Misdemeanor

**TERM:** 7+ Years

**SUBMITTED:** 7/29/2014 9:09 PM

**RETURNED:** 8/4/2014 1:28 PM

## COMPLETE

## COUNTY

**LOCATION:** Los Angeles, CA

**NAME SEARCHED:** Goldberg, Mark

**SEARCH TYPE:** County - Felony and Misdemeanor

**TERM:** 7+ Years

**SUBMITTED:** 7/29/2014 9:09 PM

**RETURNED:** 7/30/2014 1:41 AM

## COMPLETE

## COUNTY

**LOCATION:** San Francisco, CA

**NAME SEARCHED:** Goldberg, Mark

**SEARCH TYPE:** County · Felony and Misdemeanor

**TERM:** 7+ Years

**SUBMITTED:** 7/29/2014 9:09 PM

**RETURNED:** 7/30/2014 9:23 PM

## COMPLETE

### STATEWIDE

**LOCATION:** Statewide, NY

**NAME SEARCHED:** Goldberg, Mark

**SEARCH TYPE:** Statewide · Felony and Misdemeanor

**TERM:** 7+ Years

**SUBMITTED:** 7/29/2014 9:09 PM

**RETURNED:** 7/31/2014 9:18 AM

## COMPLETE

**RESEARCH NOTES:** Job Number: 2610712

### FEDERAL DISTRICT

**LOCATION:** California Northern, CA

**NAME SEARCHED:** Goldberg, Mark

**SEARCH TYPE:** Federal District

**TERM:** 7+ Years

**SUBMITTED:** 7/29/2014 9:09 PM

**RETURNED:** 8/1/2014 5:06 PM

**CASE ID:** 3:14-cr-00016-HMC-4

**NAME:** MARK GOLDBERG

**OTHER:** FULL NAME AND FULL ADDRESS MATCH

**OFFENSE TYPE:** FELONY

**FILE DATE:** 01/09/2014

**CHARGE:** Conspiracy to Manufacture, Possess With Intent to Distribute and to Distribute Marijuana

**DISPOSITION DESC:** PENDING TRIAL; NEXT COURT DATE IS 9/17/2014 @2:15PM

**DISPOSITION DATE:** ONGOING TRIAL/UKN

### FEDERAL DISTRICT

**LOCATION:** Massachusetts, MA

**NAME SEARCHED:** Goldberg, Mark

**SEARCH TYPE:** Federal District

**TERM:** 7+ Years

**SUBMITTED:** 7/29/2014 9:09 PM

**RETURNED:** 8/1/2014 5:06 PM

## COMPLETE

### FEDERAL DISTRICT

**LOCATION:** California Central, CA

**NAME SEARCHED:** Goldberg, Mark

**SEARCH TYPE:** Federal District

**TERM:** 7+ Years

**SUBMITTED:** 7/29/2014 9:09 PM

**RETURNED:** 7/29/2014 11:05 PM

## COMPLETE

### FEDERAL DISTRICT

**LOCATION:** New York Southern, NY

**NAME SEARCHED:** Goldberg, Mark

**SEARCH TYPE:** Federal District

**TERM:** 7+ Years

**SUBMITTED:** 7/29/2014 9:09 PM

**RETURNED:** 8/1/2014 5:04 PM

## COMPLETE

### SOCIAL TRACE

**SEARCH TYPE:** Social Security Trace

**SUBMITTED:** 7/29/2014 9:09 PM

**RETURNED:** 7/29/2014 9:09 PM

Goldberg, Mark L.
**ISSUE STATE:** MA

**ISSUE DATE:** 1973-1975

Goldberg, Mark L
**RPTD:** 1994-10-01 to 2014-07-01

**COUNTY:** PLYMOUTH
**DISTRICT:** MASSACHUSETTS

Goldberg, Mark L
**RPTD:** 2010-06-01 to 2013-01-01

**COUNTY:** LOS ANGELES
**DISTRICT:** CALIFORNIA CENTRAL

Goldberg, Mark L
**RPTD:** 2010-08-01 to 2012-09-01

**COUNTY:** SAN FRANCISCO
**DISTRICT:** CALIFORNIA NORTHERN

Goldberg, Mark L
**RPTD:** 2010-03-01 to 2010-03-01

**COUNTY:** NEW YORK
**DISTRICT:** NEW YORK SOUTHERN

# Exhibit D

# Email from uberreports@hirease.com, Tue. Aug. 12, 2014, 1:21AM



Mark Goldberg <marqoe@gmail.com>

## Rasier Boston, MA
1 message

uberreports@hirease.com <uberreports@hirease.com>                      Tue, Aug 12, 2014 at 1:21 AM
To: marqoe@gmail.com

Dear Consumer:

In reference to your proposal to enter an independent contractor relationship, Rasier Boston, MA regrets to inform
you that they are unable to further consider your proposal at this time. The decision, in part, is the result of
information obtained through the Consumer Reporting Agency identified below.

In accordance with the Fair Credit Reporting Act, you have previously received a copy of this information and a
copy of your rights under the Act. You have the right to obtain within 60 days of receipt of this letter a free copy of
your consumer report from the Consumer Reporting Agency as identified below, which complies and maintains
files on consumers on a nationwide basis.

You have the right to dispute any information contained in the report that you believe may be inaccurate or
incomplete by contacting Hirease or, if the report is a credit report, by contacting the credit bureau that furnished
the report.

The report was furnished to us by:

Hirease, Inc.
Attn: Applicant Screening
P O Box 2559
Southern Pines NC 28388
(866) 680-3596

Please understand that while Hirease, Inc. provided the report, they DID NOT make this decision, and they are
UNABLE to provide you the specific reasons as to why Rasier Boston, MA made this decision.

# Exhibit E

# Email chain of Mark Goldberg and Brenna Dion, Aug. 12, 2014 9:37AM-1:31PM

 **Gmail**

Mark Goldberg <marqos@gmail.com>

## [Uber] Re: My applications status and UberX candidacy

Brenna Dion <notifications-support@ubercab.zendesk.com>
Reply-To: Uber <support+id8887496@ubercab.zendesk.com>
To: Marqos <marqos@gmail.com>

Tue, Aug 12, 2014 at 4:31 PM

# U B E R

*##- Please type your reply above this line -##*

Your request (8887496) has been updated. To add additional comments, reply to this email.

**Brenna Dion (Uber)**
Aug 12 13:31

Hi Mark,

Thanks for your reply. Please know that we review every application extremely
thoroughly. While we sincerely appreciate your interest in partnering with Uber,
we cannot move forward with your application. I have no doubt that you are a
caring and polite individual, and I appreciate you taking the time to email
regarding your application. Please understand that this purely a business
decision.

Sincerely,

Brenna
Community Operations Manager

uber.com | facebook.com/uber | @uber

**Marqos**
Aug 12 09:37

Dear Brenna,

I received an email last night confirming my background report. My hope is
that you will have compassion for my unique circumstances, given that I
haven't been convicted of any crimes, have a clean driving record and don't
use any drugs, have no history of violence, and have offered an official
reference to confirm the veracity of my statements.

I understand how it may be much easier simply to deny my eligibility, but I
think that under careful consideration you will see that this is a very
low-risk situation for Uber, with a great deal of upside. I believe that if
you gave me a chance you would see that I would only perform as a stellar
addition to your fleet. I am responsible, caring, polite, and aim to
exceed passenger expectations in every way possible. Please take a chance
on me, I won't let you down.

Sincerely,

Mark Goldberg
617-505-8290


**Brenna Dion** (Uber)
[Quoted text hidden]

[Quoted text hidden]
[Quoted text hidden]


Message-Id:Y0VAFKNT_53ea798add1db_4ac93fbd70eb332825943e4_sprut

Exhibit F

Email of Jason Holt to Mark Goldberg,
Thu. Aug 15, 2014, 7:31AM



Mark Goldberg <marqos@gmail.com>

## [Uber] Re: My applications status and UberX candidacy

Jason Holt <notifications-support@ubercab.zendesk.com>      Fri, Aug 15, 2014 at 10:31 AM
Reply-To: Uber <support+id8687496@ubercab.zendesk.com>
To: Marqos <marqos@gmail.com>

# U B E R

*##- Please type your reply above this line -##*

Your request (8687496) has been updated. To add additional comments, reply to this email.

**Jason Holt (Uber)**
Aug 15 07:31

Dear Mark,

Thanks for your email and we appreciate you reaching out. As I am sure you
know, Uber does not employ any drivers or own any vehicles. Our background
checks are meant to ensure that we are connecting riders with the safest rides
on the road. If at any time your circumstances change and you would like us to
re-run your background check, please let us know.

Best regards,

Jason
Uber Boston Senior Operations Manager

**Marqos**
Aug 14 14:16

[Quoted text hidden]