UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARK GOLDBERG, ON BEHALF OF HIMSELF AND OTHERS SIMILARLY SITUATED,<br><br>PLAINTIFF,<br><br>v.<br><br>UBER TECHNOLOGIES, INC., RASIER, LLC AND HIREASE, LLC,<br><br>DEFENDANTS. | CIVIL ACTION NO. 1:14-cv-14264-NMG |

## DEFENDANTS UBER TECHNOLOGIES, INC. AND RASIER, LLC'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

Defendants Uber Technologies, Inc. ("Uber") and Rasier, LLC ("Rasier") (collectively "Defendants") hereby answer Plaintiff Mark Goldberg's Amended Complaint and present their affirmative and other defenses as follows:

1. Defendants admit that Plaintiff purports to state claims against them under the Fair Credit Reporting Act ("FCRA"), Massachusetts Consumer Credit Reporting Act ("MCRA"), and the Massachusetts Criminal Offender Record Information law ("CORI"), but deny that Plaintiff states any claim upon which relief may be granted and deny that Plaintiff is entitled to any relief whatsoever.

2. Denied.

3. The contents of this paragraph constitute conclusions of law to which no response is required, and Defendants deny them on that basis.

4. The contents of this paragraph constitute conclusions of law to which no response is required, and Defendants deny them on that basis.

5. The contents of this paragraph constitute conclusions of law to which no response is required, and Defendants deny them on that basis.

6. The contents of this paragraph constitute conclusions of law to which no response is required, and Defendants deny them on that basis.

7. Defendants admit that in our about July 2014, Plaintiff made a proposal to partner with Rasier as an independent contractor transportation provider using Uber's "UberX" mobile application platform. Defendants deny that Plaintiff ever applied for employment with either of them.

**Parties**

8. Defendants admit that Plaintiff is an adult individual. Defendants are without knowledge or information sufficient to form a belief as to Plaintiff's allegations regarding his current residence, and deny those allegations on that basis.

9. The contents of this paragraph constitute conclusions of law to which no response is required, and Defendants deny them on that basis.

10. Admitted, except as to the street address for Uber's principal place of business in San Francisco, which is incorrect as alleged.

11. Admitted, except as to the allegation that Rasier has an office located in Massachusetts.

12. This paragraph is directed at Defendant Hirease, Inc., not Defendants, and therefore no response is required to this paragraph.

13. The contents of this paragraph constitute conclusions of law to which no response is required, and Defendants deny them on that basis.

14. The contents of this paragraph constitute conclusions of law to which no response is required, and Defendants deny them on that basis.

15. The contents of this paragraph constitute conclusions of law to which no response is required, and Defendants deny them on that basis.

### Allegations

16. Denied.

17. Denied.

18. This paragraph refers to the contents of documents which speak for themselves, and therefore Defendants deny the allegations of this paragraph to the extent inconsistent therewith.

19. Defendants admit Plaintiff concedes he supplied an electronic signature on a document entitled "Background Check Terms." Defendants deny any remaining allegations of this paragraph as stated.

20. This paragraph refers to the contents of documents which speak for themselves, and therefore Defendants deny the allegations of this paragraph to the extent inconsistent therewith. Defendants further lack knowledge or information sufficient to form a belief as to precisely how Plaintiff's electronic device(s) were configured at the time he made a proposal to partner with Raiser as an independent contractor, and therefore deny the allegations of this paragraph on that basis.

21. The contents of this paragraph constitute conclusions of law to which no response is required, and Defendants deny them on that basis.

22. Admitted.

23. Defendants admit only that Rasier procured a background report from Hirease, LLC ("Hirease") on or about July 29, 2014 ("the Hirease Report"). Defendants deny the remaining allegations in this paragraph.

24. Denied.

25. Defendants admit some background reports are obtained for the purpose of hiring employees. Defendants deny Plaintiff's allegation that he applied for employment with either or both of them. Plaintiff made a proposal to partner with Raiser as an independent contractor.

26. Defendants admit Plaintiff concedes that he received a copy of the Hirease Report on July 29, 2014. The remaining allegations of this paragraph refer to the contents of documents which speak for themselves, and therefore Defendants deny the allegations of this paragraph to the extent inconsistent therewith.

27. Defendants admit Plaintiff concedes that he received a second copy of the Hirease Report on July 29, 2014. The remaining allegations of this paragraph refer to the contents of documents which speak for themselves, and therefore Defendants deny the allegations of this paragraph to the extent inconsistent therewith.

28. Defendants admit Plaintiff concedes that he received a third copy of the Hirease Report on August 4, 2014, and that the transmission confirmed that he had proposed to partner in an independent contractor relationship, rather than applying for employment. The remaining allegations of this paragraph refer to the contents of documents which speak for themselves, and therefore Defendants deny the allegations of this paragraph to the extent inconsistent therewith.

29. This paragraph refers to the contents of documents which speak for themselves, and therefore Defendants deny the allegations of this paragraph to the extent inconsistent therewith.

30. This paragraph refers to the contents of documents which speak for themselves, and therefore Defendants deny the allegations of this paragraph to the extent inconsistent therewith.

31. Denied.

32. Defendants admit Plaintiff concedes that he received a copy of the notice of rights under the FCRA on August 4, 2014. The remaining allegations of this paragraph refer to the contents of documents which speak for themselves, and therefore Defendants deny the allegations of this paragraph to the extent inconsistent therewith.

33. The contents of this paragraph constitute conclusions of law to which no response is required, and Defendants deny them on that basis.

34. Defendants admit only that Plaintiff contacted representatives of Rasier on August 5, 2014. The remaining allegations of this paragraph refer to the contents of documents which speak for themselves, and therefore Defendants deny the allegations of this paragraph to the extent inconsistent therewith.

35. The allegations of this paragraph refer to the contents of documents which speak for themselves, and therefore Defendants deny the allegations of this paragraph to the extent inconsistent therewith.

36. Defendants admit only that Plaintiff concedes he received notice that his independent contractor proposal was rejected eight days after he had received the third of three copies of the Hirease report. The remaining allegations of this paragraph refer to the contents of documents which speak for themselves, and therefore Defendants deny the allegations of this paragraph to the extent inconsistent therewith.

37. Denied.

38. Denied.

39. Denied.

40. The allegations of this paragraph refer to the contents of documents which speak for themselves, and therefore Defendants deny the allegations of this paragraph to the extent inconsistent therewith.

41. The allegations of this paragraph refer to the contents of documents which speak for themselves, and therefore Defendants deny the allegations of this paragraph to the extent inconsistent therewith.

42. The allegations of this paragraph refer to the contents of documents which speak for themselves, and therefore Defendants deny the allegations of this paragraph to the extent inconsistent therewith.

43. The contents of this paragraph constitute conclusions of law to which no response is required, and Defendants deny them on that basis.

44. Defendants admit only that the Hirease report was obtained regarding Plaintiff, and the report is a document that speaks for itself. Defendants cannot substantively respond to the remaining allegations of this paragraph because Plaintiff refers generally to "the consumer reports obtained by Defendant," a phrase nowhere defined in the Amended Complaint, and Defendants are unaware as to what Plaintiff is referring. Therefore, Defendants deny the remaining allegations of this paragraph on that basis.

45. The contents of this paragraph constitute conclusions of law to which no response is required, and Defendants deny them on that basis.

46. The contents of this paragraph constitute conclusions of law to which no response is required, and Defendants deny them on that basis.

47. Denied.

48. Defendants admit that Plaintiff was not provided with a copy of any pamphlet concerning the correction of Massachusetts criminal record information, as the Hirease report contained no Massachusetts criminal record information.

49. Denied.

50. The contents of this paragraph constitute conclusions of law to which no response is required, and Defendants deny them on that basis.

51. The contents of this paragraph constitute conclusions of law to which no response is required, and Defendants deny them on that basis.

52. The contents of this paragraph constitute conclusions of law to which no response is required, and Defendants deny them on that basis.

53. Defendants cannot substantively respond to this paragraph because Plaintiff refers to "the relevant period," a phrase nowhere defined in the Amended Complaint, and Defendants are unaware of to what Plaintiff is referring. Therefore, Defendants deny the allegations of this paragraph on that basis, and also because the contents of this paragraph constitute conclusions of law to which no response is required.

54. This paragraph refers to the contents of documents which speak for themselves, and therefore Defendants deny the allegations of this paragraph to the extent inconsistent therewith.

55. Defendants admit that an agreement was executed with Hirease. Defendants deny the remaining allegations in this paragraph as stated.

56. The contents of this paragraph constitute conclusions of law to which no response is required, and Defendants deny them on that basis.

57. Denied.

58. The contents of this paragraph constitute conclusions of law to which no response is required, and Defendants deny them on that basis.

59. The contents of this paragraph constitute conclusions of law to which no response is required, and Defendants deny them on that basis.

60. The contents of this paragraph constitute conclusions of law to which no response is required, and Defendants deny them on that basis.

61. Denied.

62. Denied.

63. Denied.

### Class Action Allegations

64. Defendants admit that Plaintiff purports to represent the classes described in this paragraph, but deny that the described classes are ascertainable, and further deny that class certification is proper.

65. The contents of this paragraph constitute conclusions of law to which no response is required, and Defendants deny them on that basis.  Defendants further deny that class certification is proper.

66. The contents of this paragraph constitute conclusions of law to which no response is required, and Defendants deny them on that basis.  Defendants further deny that class certification is proper.

67. The contents of this paragraph constitute conclusions of law to which no response is required, and Defendants deny them on that basis.  Defendants further deny that class certification is proper.

68. Denied.

69. Denied.

70. Denied.

71. Denied.

## Count I

72. Defendants incorporate their responses to paragraphs 1-71 of Plaintiff's Amended Complaint as if fully set forth herein.

73. The contents of this paragraph constitute conclusions of law to which no response is required, and Defendants deny them on that basis.

74. The contents of this paragraph constitute conclusions of law to which no response is required, and Defendants deny them on that basis.

75. Denied.

76. Denied.

77. Denied.

78. Denied.

79. Denied.

## Count II

80. Defendants incorporate their responses to paragraphs 1-79 of Plaintiff's Amended Complaint as if fully set forth herein.

81. The contents of this paragraph constitute conclusions of law to which no response is required, and Defendants deny them on that basis.

82. The contents of this paragraph constitute conclusions of law to which no response is required, and Defendants deny them on that basis.

83. The contents of this paragraph constitute conclusions of law to which no response is required, and Defendants deny them on that basis.

84. Denied.

85. Denied.

86. Denied.

87. Denied.

88. Denied.

89. Denied.

90. Denied.

91. Denied.

## Count III

92. Defendants incorporate their responses to paragraphs 1-91 of Plaintiff's Amended Complaint as if fully set forth herein.

93. Denied.

94. Denied.

95. Denied.

## Affirmative and Other Defenses

Defendants Uber and Rasier hereby present the following affirmative and other defenses to Plaintiff's Amended Complaint.  By presenting any matter herein, Defendants do not intend to waive any available defense or plead, admit, or concede that Plaintiff does not bear the burden on any of Plaintiff's claims.  Instead, Defendants specifically aver that Plaintiff bears the burden of proof on each element of his claims and class claims, including each element required under Federal Rule of Civil Procedure 23.  Defendants intend to rely upon any additional defenses that become available or apparent during pretrial proceedings and discovery in this action and hereby reserve the right to amend this Answer to assert all such further defenses.

1. Plaintiff fails to state any claim upon which relief has been granted.

2. Defendants allege that Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff erroneously claims that he was "employed" by, or "applied" for employment with, Uber or Raiser. Plaintiff made a proposal to partner with Rasier as an independent contractor transportation provider using Uber's "UberX" mobile application platform.

3. Defendants allege that Plaintiff's claims are barred, in whole or in part, because Plaintiff lacks standing because he suffered no actual harm or damages from the alleged conduct of Defendants, and/or because he was not personally subject to the alleged conduct of Defendants.

4. Defendants allege that the statutory damages that Plaintiff seeks would be disproportionate to the harm alleged or suffered by Plaintiff (or the putative classes) and would be unconstitutionally excessive and/or an excessive fine.

5. Defendants allege that Plaintiff's claims are barred, in whole or in part, to the extent that he erroneously claims that the Hirease report was a "consumer report." For example, even if the FCRA applied, and it did not, under the FCRA, the Hirease report was not a "consumer report," pursuant to 15 U.S.C. § 1681a(y), and under the MCRA, the Hirease report did not contain any credit-related information.

6. Defendants allege that Plaintiff's claims are barred, in whole or in part, to the extent that members of the putative class are subject to regulation by state or federal transportation agencies.

7. Defendants allege that Plaintiff's claims are barred, in whole or in part, because Section 604 of the FCRA (15 U.S.C. § 1681b), as well as the MCRA and the CORI law, are unconstitutionally vague and unenforceable.

8. Defendants allege that Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations or the doctrine of laches.  By way of example, any of Plaintiff's claims based on a five-year statute of limitations are barred because Plaintiff discovered the alleged violations within two years from the date of the alleged violations.

9. Defendants allege that the Court lacks jurisdiction over the claims of certain putative class members because they agreed to arbitrate any disputes with Defendants.

10. Defendants allege that Plaintiff's Complaint, and in particular his request for statutory and punitive damages, are barred in whole or in part because, at all material times, Defendants acted reasonably, in good faith and without malice based upon all relevant facts and circumstances known by Defendants at the time, and did not at any time willfully or even negligently fail to comply with the FCRA or any other law.

11. Defendants allege that both Plaintiff's substantive claims and his claim for damages, which seek to recover, among other things, penalties and punitive damages, violate the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the U.S. Constitution.  Defendants specifically allege that Section 616 of the FCRA (15 U.S.C. § 1681n), as well as the MCRA and CORI, are unconstitutionally vague and ambiguous and unjustifiably arbitrary.

12. Defendants allege that Plaintiff's claims are barred, in whole or in part, to the extent that any of Plaintiff's claims are premised upon regulations issued by Massachusetts state government agencies, because the agencies have exceeded their authority under the applicable statutes, and/or the regulations contradict the plain language of the applicable statutes, and therefore the regulations are invalid and unenforceable.

13. Defendants allege that Plaintiff's Massachusetts state law claims are barred, in whole or in part, because they are preempted by the FCRA, 15 U.S.C. § 1681t, or otherwise by the doctrine of federal preemption or 49 U.S.C. § 14501(c)(1)).

14. Defendants allege that Plaintiff's Massachusetts state law claims are barred, in whole or in part, because the relevant portions of the laws are unconstitutional restraints on interstate commerce.

15. Defendants allege that Plaintiff's Massachusetts state law claims are barred, in whole or in part, to the extent that Plaintiff seeks to apply the Massachusetts law extraterritorially beyond conduct that has occurred outside of the borders of Massachusetts and/or to non-Massachusetts residents.

16. Defendants allege that Plaintiff's Massachusetts state law claims are barred, in whole or in part, to the extent that the laws do not provide a private right of action for the violations alleged.

17. Defendants allege that Plaintiff's claim for relief under Massachusetts General Laws Chapter 93A, Section 2(a) is barred because Plaintiff failed to file and serve the requisite pre-lawsuit notice under that law.

18. Plaintiff's claims for damages, none being admitted by way of assertion of this defense, fail to the extent that Plaintiff failed to mitigate damages or otherwise fails to account for an offset of those damages, and to the extent that the damages were caused by Plaintiff or a third-party.

19. Defendants allege that all of Plaintiff's claims on behalf of absent putative class members fail because Plaintiff cannot meet his burden of demonstrating that each requirement of Federal Rule of Civil Procedure 23, including but not limited to ascertainability, adequacy,

typicality, commonality, predominance, and superiority, is met here, and because certifying a class in the circumstances of this case would violate Defendants' rights to due process under the law.  To the extent that class certification is nonetheless granted at a future date, Defendants allege and assert each of the defenses previously stated herein against each and every putative class member.

                Respectfully submitted,

                **Uber Technologies, Inc. and Rasier, LLC**
                By Their Attorney,

                */s/ Carie A. Torrence*
                Carie A. Torrence (Bar #675237)
                ctorrence@littler.com
                LITTLER MENDELSON, P.C.
                One International Place
                Suite 2700
                Boston, MA  02110
                617.378.6000

Dated:  January 16, 2015

**CERTIFICATE OF SERVICE**

I, Carie A. Torrence, hereby certify that on this 16th day of January, 2015, the foregoing Assented-To Motion to Extend the Deadline for Defendants Uber Technologies, Inc. and Rasier LLC to File Their Responsive Pleading was filed electronically through the ECF system, is available for viewing and downloading from the ECF system, will be sent electronically to counsel of record as registered participants identified on the Notice of Electronic Filing and via first class mail to all non-registered participants identified on the Notice of Electronic Filing.

/s/ Carie Torrence
Carie A. Torrence